People of the State of Illinois, Plaintiff-Appellee, v. Billy Wasson, Jr., Defendant-Appellant.

Gen. No. 11,086.

Fourth District.

November 17, 1969.

Albert E. Hurt, Public Defender, of Decatur, for appellant.

446

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

SMITH, J.

Defendant was found guilty by a jury of the crime of burglary and armed violence, new trial was denied, and he was sentenced to a term of fifteen to fifty years in the penitentiary. His appeal is based solely on the proposition that both the minimum and maximum sentence is excessive, and should be reduced by this court.

The defendant entered the apartment of the complaining witnesses in Decatur and was armed with a revolver. The record does not indicate how he entered the apartment, but the wife found him sitting on her bed. He threatened both the husband and wife with the revolver. He waived his right to present evidence in mitigation. The People offered in evidence three prior convictions and his record appears as follows:

9–4–54 at the age of 20 years pleaded guilty to the crime of burglary and was granted probation for one year.

9–23–58 convicted by a jury for burglary and sentenced to the Illinois State Penitentiary for a period of 2–10 years.

10–5–60 released on parole.

8–31–61 returned to the penitentiary as a parole violator.

1965 released from the penitentiary after serving sentence.

9–19–67 convicted of theft in Indiana—1–5 year sentence was suspended and he was admitted to probation for 3 years.

447

8–21–68 while still on probation from Indiana, convicted in the instant case for burglary and armed violence.

██ We agree with the observation in People v. Carroll, 76 Ill App2d 9, 221 NE2d 528, that a utopian sentence punishes sufficiently, safeguards the public interest adequately and reforms and rehabilitates the offender for his release as a useful member of society. In People v. Haynes, 73 Ill App2d 85, 218 NE2d 489, we noted that rehabilitation must ever be a benign goal and purpose of criminal jurisprudence, that the achievement of such goal rests not alone with the court, not alone with society, but the record of the defendant himself must show some desire, some ability and some willingness to reform and to rehabilitate. In People v. Land, 112 Ill App2d 345, 251 NE2d 92, we observed that the record there showed the defendant to be a recidivist, that he offered no evidence in mitigation, that the trial court could reasonably conclude that a fourth try at rehabilitation would be unavailing, and there approved a sentence of not less than four nor more than seven years on a charge of burglary. This record establishes that this defendant was not rehabilitated by probation granted on his first offense nor by parole granted on his second offense, nor by probation granted in another state on this third offense. He offers us nothing that would reflect a motivated desire to rehabilitate. He came to Decatur to visit his children armed with two guns. His explanation for his conduct on the evening in question was a denial of the right to see his children which resulted in his intoxication. The fact remains that this was an invasion of a home in the nighttime and while armed. On this record, rehabilitation of this defendant is more a prayerful hope than a reasonably foreseeable reality.

██ Accordingly, the determination to be made by the trial court and this court is whether or not the time has

come for the protection of society and for punishment without however depriving the defendant of a reasonable opportunity to rehabilitate and to return to society as a useful citizen, if he cares to do so. We recognize that both the minimum and the maximum here given are within the limits prescribed by the statute and on this record we cannot say that the trial court abused its discretion. We do not deal with a first offender. In fact there is nothing pointed out in this record that suggests a reduction of the sentence would bring about rehabilitation. The defendant testified that he came to Decatur to see his children who were in a home in Decatur. Strange enough, he came armed with two revolvers and this is not the conduct of one who has undertaken his own rehabilitation while on probation. Efforts of society over the past fifteen years have been without any appreciable results, but we would not close the door on the possibility that there might come a day when this defendant would be rehabilitated. We think on this record that he ought, in a penal institution, establish the fact that he is so interested. There appears to be little likelihood of this being accomplished in a relatively short period of time. Society has tried; it is now his turn to try.

For the reasons assigned, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.