THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS MAJERUS, Defendant-Appellant.

(No. 11224;

Fourth District—April 30, 1971.

*Rehearing denied August 5, 1971.*

Katz & Friedman, of Chicago, (Harold A. Katz, of counsel,) for appellant.

Paul R. Welch, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from an order revoking the probation theretofore granted upon a plea of guilty to a charge of contributing to the delinquency of a minor. The sentence imposed was one year at Vandalia.

Such revocation was ordered following a hearing upon a charge of aggravated battery, *i.e.*, a battery committed upon a person known to be a school teacher upon school premises. It is argued that the State failed to prove the material allegations of aggravated battery by clear and convincing evidence, and in particular failed to prove that the battery was intentionally and knowingly done and that there was no legal justifi-

cation for the act. It is also said that the court disregarded defendant's claim of self-defense, but we find nothing in the abstract which suggests such issue.

The facts in regard to such battery were that defendant, with three others, went into a high school cafeteria or lunch room during a student lunch period. The defendant was a graduate student at a nearby University but the status of his three companions is not made clear. It is a fair conclusion from the abstract that defendant's party neither had an invitation nor permission to distribute pamphlets in the school lunch room. Defendant's acts occurred when a teacher approached defendant to ask for a pamphlet or to ask defendant if he had permission to distribute such in the school. The evidence is that as the teacher approached defendant shifted the bundle of pamphlets from his right to his left arm and struck or pushed the teacher with his right forearm against the teacher's chest knocking the latter back two or three steps. The teacher's testimony was corroborated by a teacher and two students who were eye-witnesses. Each observed that the force used was sufficient to propel the teacher backward the described distance.

One students testified in behalf of defendant that the teacher grabbed the pamphlets and defendant swung around and struck the teacher with his right arm forcing the latter back a step or two. The defendant and each of his three companions testified to an entirely different transaction, *i.e.*, as the teacher held or pulled at the pamphlets, the defendant gently took the teacher's right wrist and lifted it off the pamphlets. No issue is made that the defendant did not know that the person approaching was a teacher. The argument that defendant acted upon reflex action as one startled is not persuasive for defendant's companions testified that the teacher was speaking to defendant as he approached him asking concerning the pamphlets.

■■ In arguing that there must be clear and convincing evidence of the material allegations of the petition to revoke probation, defendant cites *People v. Arroyo*, 112 Ill.App.2d 480; 251 N.E.2d 409 and *People v. Dwyer*, 57 Ill.App.2d 343; 206 N.E.2d 113. The statement requiring the standard of clear and convincing evidence in each of these cases was directed, however, to whether or not the defendant in such cases had actually participated in or was present when the matters alleged in revocation were done. Here, it is not contended that defendant was not present or doing any act. The facts in this case, therefore, come within the rule very frequently stated, that the issue of guilt is to be determined by the preponderance of the evidence. *People v. Smith*, 105 Ill.App.2d 14; 245 N.E.2d 13.

■■ The finding of a violation of probation should not be disturbed because of a conflict in evidence. (*People v. Carroll*, 76 Ill.App.2d 9;

221 N.E.2d 528; *People v. Hicks*, 125 Ill.App.2d 48; 259 N.E.2d 846.) In *People v. White*, 93 Ill.App.2d 283; 235 N.E.2d 393, this court reviewed aggravated battery as grounds for revocation of probation. It was there contended that there had been a failure to prove that the shooting was not justified. We determined that the issue was a question of fact for the trial court, and that the trial court's disbelief of defendant's testimony was a determination of the absence of justification. Here, as there, the issue of whether defendant's act was knowing and intentional was a question of fact for the trial court.

We consider the argument of the severity of the sentence imposed. The original offense of contributing to the delinquency of a minor appears in the following circumstances: While driving a school bus, defendant had become acquainted with the fifteen year old minor. Defendant later met the minor, who was working at a market, and the latter sold defendant certain steaks at a price below that normally charged. Defendant then suggested that if he could get the minor "booze or anything, just contact me". Subsequently, the minor called defendant and suggested that the latter come to the store. Defendant was given some steaks without charge, and it was arranged that the minor would pick up his requested fifth of vodka and a six-pack of beer at defendant's residence. The minor testified that he drank most of the stuff and was picked up while causing a disturbance.

In imposing sentence the trial court noted that the defendant had suggested the furnishing of liquor in exchange for stolen goods. Nothing in the record suggests that the defendant would have voluntarily terminated this arrangement absent the exposure when the minor was arrested. It is argued that defendant is a graduate student, and that there is testimony that he has great social concern. This seems tenuous and flimsy in the light of his admitted transaction with the minor.

There is, however, no evidence of a prior criminal record and it appears that the defendant received an honorable military discharge. Prior to the granting of probation, the State's Attorney had recommended a sentence of three months. While there is nothing which mitigates the conduct involved, there is a serious question as to whether the maximum sentence serves the best interests of society or the rehabilitation of the defendant. Pursuant to Rule 615, ch. 110A, par. 615, Ill. Rev. Stat. 1969, the sentence is reduced to three months. The judgment revoking probation is affirmed and the cause is remanded with directions to issue a *mittimus* modified to provide the sentence as reduced herein.

Revocation of probation affirmed; sentence modified.

SMITH, P. J., and CRAVEN, J., concur.