THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD MILTON JOHN, Defendant-Appellant.

(No. 11443;

Fourth District—May 24, 1972.

John F. McNichols, of Defender Project, of Springfield, and Linda West Conley, of Defender Project, of Chicago, both for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant was convicted in a jury trial of the crime of burglary and sentenced to a term of not less than ten nor more than 40 years. On appeal he contends that he was (1) prejudiced by the admission in evidence of the fruits of the crime obtained from his person by an illegal search, (2) that the sentence imposed is excessive, and (3) that he was denied effective representation by counsel.

Two policemen were patrolling the busines area in a squad car when they observed the front door of a restaurant with the glass portion of the door broken out leaving ready entrance through the door to anyone. They observed a man in a long gray overcoat just north of the restaurant walking south. They made a U-turn, radioed headquarters for a back up unit, and reported a possible burglary. The back up unit arrived around 2:20 A.M. and two officers were instructed to patrol the area and search the area buildings. The other officers remained, called the owner of the establishment, and checked out with him an inventory of what was taken. Basically the inventory compared with the property found on the person of the defendant. Likewise the evidence indicated that a man fitting this description came into a service station a block or

so away, asked for change for 100 pennies, and asked how to get "around back." The service station operator pointed north, noticed a city patrol car in front of the restaurant and was told by the man that he couldn't go that way.

■■ The police officers in their patrol car were proceeding south through an alley when they saw a man wearing a long overcoat running south. They stopped him and asked for identification. Both officers noted "several bulges in the defendant's pockets" and he was asked to empty them, which he did. He removed several packages of cigarettes of various brands. He was advised that he was under arrest for investigation of burglary. He was then given the *Miranda* warnings and searched. Following the search, they found a "handful of change", mostly pennies and libetry-head dimes in his overcoat pocket. This arrest took place at approximately 2:25 or 2:30 A.M. When the defendant saw the lights of the car entering the alley he began running and ran over towards a billboard where he was apprehended. In Illinois, a police officer may arrest a person without a warrant when he "has reasonable grounds to believe that the person * * * has committed an offense". This determination must be made by the officer from the facts available to him prior to the search. (*People v. Roebuck*, 25 Ill.2d 108, 183 N.E.2d 166.) A determination of probable cause so made warrants an arrest and a search, and its validity depends on the facts and circumstances of each case. (*People v. McCrimmon*, 37 Ill.2d 40, 224 N.E.2d 822.) As in *McCrimmon*, the arresting officers knew a crime had been committed. The officers had seen this defendant in the immediate area of the burglary at or about the time they discovered the broken door. The officers identified the defendant in the courtroom as the same man they had seen in the vicinity of the restaurant and running away from them in the alley. These officers attached no significance to him at the time they first observed him as they approached the restaurant. It was only after it was determined by them that there was an apparent break-in and after they saw him in a back alley running away from their lights at an early hour in the morning. They stopped him and asked for identification. They asked him to empty his pockets, gave him the *Miranda* warnings and asked him to take off his overcoat. After that they found the money in his overcoat pocket and various brands of cigarettes in his pants pockets. The occurrences at the service station were unknown to the police officers and could not have been considered by them nor are they considered by us on the question of whether or not the officers had reasonable grounds to believe that this defendant had committed an offense. Neither his actions nor his conduct mesh with that of a law abiding citizen for whose protection the

constitutional barriers were erected. The arrest was lawful, the search was legal, and the evidence was admissible. Thus there is no question on this record of defendant's guilt nor the adequacy of his representation by counsel.

■■ The defendant next contends that the punishment is excessive and not commensurate with the crime. Were this a first offense, we could unhesitatingly say "Amen". As we read the record of this defendant, this is his fourth felony since 1953. He has been in penal institutions for most of the time during the intervening years. He has rehabilitated himself neither in the penitentiary nor on parole. There is not a single syllable in this record that would reflect a motivated desire to rehabilitate. His record is basically and factually almost on all fours with our case of *People v. Wasson,* 116 Ill.App.2d 446, 252 N.E.2d 560, where we approved a sentence of 15 to 50 years for burglary and armed violence. In that case we said at p. 449: "Efforts of society over the past fifteen years have been without any appreciable results, but we would not close the door on the possibility that there might come a day when this defendant would be rehabilitated. We think on this record that he ought, in a penal institution, to establish the fact that he is so interested. There appears to be little likelihood of this being accomplished in a relatively short period of time. Society has tried; it is now his turn to try". The sentence imposed is within the statutory limits. Nevertheless, we think the minimum sentence should be reduced to five years with the maximum remaining the same. If, during that time in a penal institution, he demonstrates an interest in becoming a useful citizen in society, then it may be awarded him; if not, then society's protection requires that his freedom to move freely in society must be restricted. Society has done its best; his future rests with him.

Accordingly, the judgment of the trial court is affirmed, with the sentence modified by providing for a minimum of five years and a maximum of 40. With the sentence so modified, the judgment is affirmed.

Judgment affirmed as modified.

TRAPP, P. J., and CRAVEN, J., concur.