THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE JAMES DANDRIDGE, Defendant-Appellant.

(No. 11592; ▉▉▉▉▉▉▉▉

Fourth District—January 24, 1973.

John F. McNichols, of Defender Project, (J. Daniel Stewart, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty of armed robbery and sentence of 14 to 28 years was imposed. The only issue on appeal is that the sentence is excessive and should be reduced as authorized in Supreme Court Rule 615.

The record shows that defendant, with two others, robbed the lady manager of a market when she was alone on the premises. While defendant denied his guilt and presented evidence of alibi, each of the others pleaded guilty. Wright, who drove the car but did not enter the building, was sentenced to three years probation with six months at the penal farm. Wilkes, who entered the market with defendant, was sentenced to five years probation with six months at the penal farm. Wright and Wilkes testified for the prosecution.

The victim obeyed the demands of the defendant to put the currency from the cash register into his pockets. Defendant then, without provocation, viciously and wantonly struck her on the side of the head with his pistol knocking her unconscious. When she recovered, her hands were found to be bruised and bloody and there is evidence that the defendant told his accomplice he had to "stomp her".

The argument that the disparate sentences imposed call for a reduction of defendant's sentence does not persuade. The evidence supports the conclusion that defendant was the organizer of the adventure. Wilkes' testimony suggests that he refused to aid in getting the money from the till, and that he left before the victim was beaten. There is no evidence that he participated in the bloody part of the transaction. Defendant's actions as shown in the record are clearly sufficient to distinguish that case from *People v. Steg*, 69 Ill.App.2d 188, 215 N.E.2d 854, cited by defendant. Again, while neither Wilkes nor Wright had felony convictions of record, defendant had been convicted of theft and sentenced to

one to ten years. The record shows that he violated the parole received on such sentence. Further, the record shows that while defendant was being held on this charge, he had escaped from the jail and remained free for almost a month before being again apprehended. The trial court had every justification to deem this a serious offense. The Constitution of 1970, Art. 1, par. 11, directs that the courts impose penalties:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

The administration of such directive remains a difficult enigma. The State provides an elaborate apparatus which seeks to measure rehabilitation achieved during the course of incarceration. The question of whether the length of sentence imposed may interfere with or nullify available procedures for rehabilitation arouses strongly conflicting views.

Under the present rules providing for diminution of sentence for good conduct, a minimum sentence of ten years would mean that under the best of conduct defendant would be eligible for parole consideration in six years and nine months. Within the constitutional mandate, if defendant can achieve satisfactory conduct and meet the available tests of rehabilitation, such sentence is a tolerable response to the aggravating circumstances found here.

This conclusion is not reached as a substitute for the judgment of the trial court, but rather as a search for appropriate action under the constitutional direction.

Upon the stated criteria, the minimum sentence is reduced from 14 years to 10 years, but the maximum sentence is affirmed. As modified, the judgment is affirmed and the cause is remanded to the Circuit Court with directions to issue a modified *mittimus*.

Sentence modified, judgment affirmed as modified.

CRAVEN, P. J., and SIMKINS, J., concur.