THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHARON K. STREIT, Defendant-Appellant.

Third District   No. 3—89—0397

Opinion filed January 18, 1990.

HEIPLE, P.J., concurring in part and dissenting in part.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Sharon K. Streit, pled guilty to two counts of State benefits fraud (Ill. Rev. Stat. 1987, ch. 38, par. 17—6). The trial court accepted her pleas and entered judgments of conviction on both counts. The court thereafter sentenced the defendant to concurrent terms of two years' imprisonment. She appeals.

The record shows that count I against the defendant alleged that from August of 1982 through September of 1986, she had obtained

monetary benefits from the State of Illinois through the knowing misrepresentation of her employment and financial status. Count II alleged that from September of 1987 through May of 1988, she had engaged in the same conduct as alleged in count I.

The factual basis for the defendant's guilty pleas showed that from August of 1982 through September of 1986 the defendant received public aid in the form of Aid to Dependent Children (ADC) benefits and food stamps on the basis of her claim that she was unemployed. The defendant was in fact employed at the East Moline Care Center. As a result, she received $19,199 in excess benefits. In September of 1987, the defendant filed for bankruptcy and reapplied for ADC benefits and food stamps, claiming once again that she was unemployed. During this time, however, she was employed by Care Home, Incorporated. She continued receiving public aid benefits until May of 1988 and received a total of $3,202 in excess benefits.

In exchange for the defendant's guilty pleas, the State agreed to recommend a sentence of no more than three years' imprisonment. At the sentencing hearing, the defendant testified that she was a 47-year-old divorcee. She stated that when she committed the offenses, she had just obtained her general equivalency degree and was working at the East Moline Care Center. The defendant explained that she was unable to support herself and her three daughters on the minimum wage she was earning. The money she received from public aid was used to make her house and car payments and to purchase clothes for the children. She further stated that until recently she had been working two and three jobs. She estimated that she was working approximately 95 hours per week. The defendant noted that she had no alcohol or drug problems. She did, however, suffer from diabetes and required daily medication. Her only involvement with the police had been for minor traffic offenses. She testified that she felt very bad about what she had done and that she was prepared to pay 20% of her take-home pay, along with any tax refund she received, toward restitution. Several of the defendant's family members testified that the defendant was very remorseful and that she could successfully complete a term of probation.

The State recommended a term of 30 months' probation coupled with the conditions that she serve six months of home detention and pay restitution in the amount of 20% of her take-home pay. The State's Attorney noted that a term of imprisonment in this case would simply be "throwing good money after bad," and would be the least likely method of recouping the State's loss.

In mitigation the trial court noted that the defendant's conduct

had not caused or threatened serious harm to another. It further noted that the money was used in part to support her children. However, the court stated that "some kind of message" had to be sent to the community regarding the seriousness of the offense. Therefore, it sentenced the defendant to two years' imprisonment.

■ The defendant initially argues on appeal that her conviction on count I must be reversed because it was based upon conduct that occurred prior to the effective date of the statute. Count I alleged that from August of 1982 through September of 1986, the defendant obtained monetary benefits through the knowing misrepresentation of her employment and financial status. The State benefits fraud statute was not legally operative, however, until January 1, 1983. (Pub. Act 82—999, eff. Jan. 1, 1983.) Therefore, the defendant could not be charged under that statute for conduct occurring prior to January 1, 1983. *People v. Wasson* (1988), 175 Ill. App. 3d 851, 530 N.E.2d 527.

We note that although count I was clearly defective in charging the defendant with acts occurring prior to 1983, the count further alleged that she committed the same acts through 1986. The defendant could be properly charged with the offense of State benefits fraud for acts committed from January 1, 1983, through September 1986. In this regard, we find that the charging instrument contained sufficient information to apprise the defendant of the charge with enough particularity to enable her to prepare her defense and to protect her from double jeopardy. Therefore, since the defect was merely a formal one, her conviction for fraud committed from January 1, 1983, through September 1986 will be upheld. *Cf. People v. Wasson* (1988), 175 Ill. App. 3d 851, 530 N.E.2d 527.

The defendant next argues that the trial court abused its discretion in sentencing her to concurrent terms of two years' imprisonment.

■ Initially, we note that the trial court's sentencing decision is entitled to great deference and will not be altered on review unless it represents an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The sentence must, however, be proportionate to the offense and serve the objective of restoring the offender to useful citizenship. *People v. Nelson* (1982), 106 Ill. App. 3d 838, 436 N.E.2d 655.

■ It is interesting to note that in the instant case the State's Attorney recommended that the defendant be sentenced to home detention rather than a term of imprisonment. He stated that sentencing the defendant to incarceration would merely drain the State's funds even more than had already been lost by the defendant's acts.

The record reveals that the defendant had no prior criminal history aside from minor traffic offenses. She stated that she had no alcohol or drug problems. The uncontroverted evidence showed that she was unable to raise her three children on the minimum wage she received and that she used the public aid to support her children. Further, she expressed remorse for her actions and said she was willing to pay 20% of her weekly earnings, along with any income tax refund she received, toward restitution.

We find that the trial court abused its discretion in sentencing the defendant to two years' imprisonment. It is not our intention to deprecate the seriousness of the instant offenses. The defendant fraudulently procured over $22,000 in public aid benefits. However, we are unable to find that a two-year sentence of imprisonment would be of any benefit to society, to the defendant, or to our system of justice. Therefore, pursuant to Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we vacate the defendant's sentence and remand the cause to the trial court for the imposition of a more appropriate sentence. Further, the defendant's conduct prior to 1983 should not be considered in resentencing.

The judgment of the circuit court of Rock Island County finding the defendant guilty is affirmed; the defendant's sentence is vacated and the cause is remanded for resentencing.

Affirmed in part; vacated and remanded in part.

WOMBACHER, J., concurs.

PRESIDING JUSTICE HEIPLE, concurring in part and dissenting in part:

The defendant, Sharon Streit, was charged with two counts of State benefits fraud (Ill. Rev. Stat. 1987, ch. 38, par. 17—6). The prosecution alleged that defendant received public aid based on her unemployed status while she was, in fact, employed. The alleged incidents occurred between August 1982 and May 1988. Defendant pleaded guilty to both counts in exchange for the State's agreement to recommend a sentence of no more than three years. At the sentencing hearing the State recommended a term of 30 months' probation, six months' home detention, and restitution. The trial court sentenced defendant to concurrent terms of two years' imprisonment, the minimum sentence allowed by statute for a Class 3 felony conviction. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6).

The issues on appeal are whether defendant's conviction on count

I must be reversed because it was based upon conduct that occurred prior to the effective date of the statute, and whether the trial court abused its discretion in sentencing her to concurrent terms of two years' imprisonment. The majority concludes that any defect in count I was merely formal, and the conviction stands. The majority reverses and remands, however, based on its conclusion that the trial court abused its discretion in sentencing defendant. I respectfully disagree with that portion of the opinion.

Defendant admitted that over more than four years, August 1982 through September 1986, she received $19,199 in benefits to which she was not entitled. Defendant claimed she was unemployed in order to qualify for the benefits, but she actually held employment during that period. Defendant repeated this scenario between September 1987 and May 1988, collecting another $3,202 in excess benefits.

A trial court's sentencing decision is entitled to great deference and will not be altered on review unless it represents an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149.) The record establishes that the court carefully examined the evidence before it when imposing the sentence. The court was offered evidence of mitigating and aggravating factors, and gave required consideration to defendant's rehabilitative potential as well as the nature of the crime, protection of the public, deterrence and punishment. (*People v. Darnell* (1981), 94 Ill. App. 3d 830.) There is no indication that the trial court abused its discretion.

While it is a fact that the State recommended probation, it is imperative to remember that the comments of the State regarding sentencing are not decisions, but merely recommendations. The case at bar did not involve a negotiated sentence, but rather an open plea by defendant. A sentencing recommendation by the prosecution is not binding on the court. *People v. Stidham* (1989), 178 Ill. App. 3d 643.

The trial court did not exceed its discretionary powers in sentencing defendant to a term of imprisonment rather than probation. The trial court is in the best position to balance the appropriate factors and reach a determination of whether or not probation should be granted. (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552.) In the instant case, defendant committed two separate series of serious offenses. State benefits fraud is a costly crime to taxpayers, and the trial court recognized the need to acknowledge the seriousness of the offense and deter others from pursuing similar avenues. A term of imprisonment was deemed necessary to accomplish the trial court's goals.

The Illinois Supreme Court has established that a reviewing court

does not have authority to reduce a sentence of imprisonment to one of probation. (*People v. Cox* (1980), 82 Ill. 2d 268.) Since a two-year prison term is the minimum statutory sentencing, a reversal and remand is tantamount to reducing the sentence to probation. The decision of the majority amounts to a usurpation of the sentencing powers which have been specifically delegated to the trial court and denied to the appellate court. Such arrogation represents an evasion of judicial precedent and our own supreme court rule of law. I dissent.