THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL BLAKE, Defendant-Appellant.

Third District   Nos. 3—90—0439 through 3—90—0444 cons.

Opinion filed August 14, 1991.—Modified opinion filed September 3, 1991.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:
The defendant, Randall Blake, was convicted of eight counts of aggravated criminal sexual abuse and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, pars. 12—16, 12—14).

He appeals three of the convictions for aggravated criminal sexual abuse and one of the convictions for aggravated criminal sexual assault. We reverse.

We shall limit our discussion to the facts relevant to the convictions being appealed. In case number 3—90—0440, the State charged the defendant with two counts of aggravated criminal sexual abuse. Specifically, it alleged that in the summer of 1984 he committed two acts of sexual conduct with J.M. In case number 3—90—0441, the State charged the defendant with one count of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse. There, it alleged that in the summer of 1984 he committed one act of sexual conduct and one act of sexual penetration with B.K.

At trial, J.M. testified that one day in the summer of 1984 she was playing in a swimming pool when the defendant touched her breasts and vagina. He also made her touch his penis. Later that day, he drove her and B.K. to his mother's house, where he again touched her breasts and vagina. He also placed his mouth on her breast and tried to insert his penis in her vagina. She could not identify the day or month in which the offenses occurred.

B.K. testified that one day in the summer of 1984 she was playing in a swimming pool when the defendant touched her vagina and placed her hand by his penis. Later that day, he drove her and J.M. to his mother's house, where he touched her breasts and vagina. He also tried to insert his penis in her vagina. Like J.M., she could not identify the day or month in which the offenses occurred.

The trial court found the defendant guilty on all four counts. However, it made no findings as to when the offenses occurred. Following a sentencing hearing, it sentenced him in case number 3—90—0440 to seven years for each count of aggravated criminal sexual abuse. In case number 3—90—0441, it sentenced him to nine years for aggravated criminal sexual assault and seven years for aggravated criminal sexual abuse. All of the sentences were to be concurrent.

On appeal, the defendant notes that the statutes under which he was charged were enacted by Public Act 83—1067 (the Act), which became effective on July 1, 1984. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14, 12—16.) He further states that the informations alleged and the witnesses testified that he committed the offenses in the summer of 1984. Consequently, he argues that his convictions must be reversed because the State failed to allege and prove that his offenses occurred after the effective date of the statute.

Initially, we note that the defendant did not raise this issue at trial or in a post-trial motion. Consequently, we shall reverse only if

plain error occurred. *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.

We further note that the Act substantively changed the law governing sex offenses in Illinois. (See *People v. Fisher* (1985), 135 Ill. App. 3d 502, 481 N.E.2d 1233.) Therefore, it may not be applied retroactively. *People v. J.S.* (1984), 103 Ill. 2d 395, 469 N.E.2d 1090.

Applying the foregoing principles to this case, we find that the defendant's convictions must be reversed. Since the Act took effect on July 1, 1984, the information was only effective for alleging offenses after that date. (*People v. Streit* (1990), 193 Ill. App. 3d 443, 550 N.E.2d 244.) However, the State's witnesses merely testified that the instant offenses occurred in the summer of 1984. Since the offenses could have occurred before the effective date, we must conclude that the defendant was not proved guilty beyond a reasonable doubt. We therefore reverse his convictions and vacate his corresponding sentences as plain error. *People v. Wasson* (1988), 175 Ill. App. 3d 851, 530 N.E.2d 527.

The defendant's convictions in case numbers 3—90—0440 and 3—90—0441 are reversed, and his corresponding sentences are vacated.

Reversed and sentences vacated.

STOUDER, P.J., and GORMAN, J., concur.