THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZETTIE JONES, Defendant-Appellant.

Fourth District    No. 4—93—0523

Opinion filed March 10, 1995.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1992, defendant, Zettie Jones, pleaded guilty to attempt (first degree murder) (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4, 9—1(a)), armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)), and aggravated battery with a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2). In September 1992, the trial court sentenced him to 25 years in prison on both the attempt (first degree murder) and armed robbery convictions and ordered the sentences to run consecutively.

In October 1992, defendant filed a motion to reconsider sentence, and in January 1993, the trial court vacated defendant's sentence and resentenced him to 30 years in prison on the attempt (first degree murder) conviction. Defendant appeals, arguing that (1) the 30-year sentence for the attempt (first degree murder) conviction was excessive, and (2) the trial court improperly increased that sentence from 25 to 30 years in prison.

We affirm.

## I. BACKGROUND

In September 1991, defendant robbed a service station, during which he shot and injured the store clerk. In March 1992, he pleaded guilty to three charges arising out of that robbery. The trial court accepted the plea and admonished him that the sentencing range for each count was 6 to 30 years in prison. In September 1992, the court entered judgments of conviction on the attempt (first degree murder) and armed robbery charges, finding that the aggravated battery with a firearm count merged with the attempt (first degree murder) conviction. The court then imposed consecutive sentences of 25 years in prison for the attempt (first degree murder) and armed robbery convictions.

Defendant subsequently filed motions to withdraw his guilty plea and reconsider sentence, and in January 1993, the trial court held a hearing on both. At that hearing, the trial court denied defendant's motion to withdraw his plea, but allowed the motion to reconsider sentence because the court failed to admonish defendant as to the possibility of consecutive sentences when he pleaded guilty. The trial court then resentenced defendant to 30 years in prison on the attempt (first degree murder) conviction and vacated the armed robbery sentence.

In February 1993, defendant filed a supplemental motion to reconsider sentence, arguing that the 30-year sentence was excessive

and improperly increased from the original 25-year sentence. In May 1993, the trial court considered this motion and denied it, specifically finding as follows:

"This was certainly an egregious crime that was committed, a very serious crime. The court gave him a consecutive sentence originally because the court specifically found and believed that the rehabilitative potential for this defendant is very low and that the crime was very serious and that the consecutive sentence was appropriate based upon the need to protect the public from the conduct and behavior and the potential of [defendant] being in the community.

The court did *** allow that portion of the motion [to reconsider sentence] but indicates it still believes that *this man should serve the maximum period of sentence that is allowable under the law, which would be thirty years. I had given him fifty years to start with*, wanting to keep him off the street for as long as possible; and *** it is certainly the court's intent to protect the public as long as I possibly can. So the [supplemental] motion for reconsideration is denied." (Emphasis added.)

## II. ANALYSIS

### A. *Defendant's Claim That the Trial Court Improperly Increased His Sentence*

Defendant first argues that the trial court erred in increasing his sentence upon resentencing from 25 years to 30 years in prison for the attempt (first degree murder) conviction. We disagree.

■ The effect of defendant's initial sentence in September 1992 was—as the trial court intended—that he serve 50 years in prison. Upon resentencing, defendant received only 30 years in prison for the same criminal behavior. As a result, defendant's total sentence was significantly reduced. Accordingly, we hold that the trial court did not abuse its discretion in resentencing defendant. See *People v. Todd* (1994), 263 Ill. App. 3d 435, 438, 636 N.E.2d 114, 116 (trial court did not abuse its discretion in sentencing the defendant to three concurrent 12-year sentences after three 4-year consecutive sentences reversed on appeal).

### B. *Defendant's Claim of Excessive Sentence*

Defendant next argues that the trial court erred by sentencing him to 30 years in prison for attempt (first degree murder), a Class X felony (Ill. Rev. Stat. 1991, ch. 38, par. 8—4(c)(1)), the maximum permitted under section 5—8—1(a)(3) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—1(a)(3) (West 1992)). He

contends that this sentence constitutes an abuse of discretion in light of his youth and "rehabilitative potential." He also argues that he was under the influence of drugs at the time he committed this offense and that others suggested he commit the crime. We disagree.

Defendant requests this court, pursuant to Supreme Court Rule 615(b)(4), to vacate the sentence imposed by the trial court and to resentence him to the minimum sentence permitted by law or some lesser sentence than that imposed by the trial court. (See 134 Ill. 2d R. 615(b)(4).) In view of that request, we must determine whether Rule 615(b)(4) authorizes this court to act as defendant requests. For the reasons that follow, we hold that it does not.

Prior to 1963, courts of review lacked the power to modify a sentence imposed by the trial court. (See *People v. Calhoun* (1961), 22 Ill. 2d 31, 36, 174 N.E.2d 166, 168.) The authority to do so was first conferred by section 121—9(4) of the Code of Criminal Procedure of 1963 (Procedural Code) (see Ill. Rev. Stat. 1965, ch. 38, par. 121—9(4)). *(People v. Ledferd* (1968), 94 Ill. App. 2d 74, 81, 236 N.E.2d 19, 23.) However, the 1964 amendment to the judicial article of the Illinois Constitution of 1870 placed authority over appeals in the Supreme Court of Illinois. (See Ill. Const. 1870, art. VI (1964), §§ 1 through 21.) In response, the supreme court in 1967 promulgated Rule 615 (see 36 Ill. 2d R. 615), which makes clear that courts of review possess no inherent authority to modify a sentence imposed by a trial court and instead possess only such authority as Rule 615(b)(4) provides.

While Rule 615(b)(4) grants reviewing courts the power "to reduce a sentence" imposed by the trial court *(People v. Tucker* (1993), 245 Ill. App. 3d 722, 726, 614 N.E.2d 1265, 1268), it does not specify the scope of that power or the circumstances under which it can be exercised. In *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883, the supreme court addressed the proper standard of review under—and scope of—Rule 615(b)(4).

In *Perruquet,* the trial court had sentenced the defendant to an indeterminate term of 1 to 20 years in prison. On appeal, the appellate court invoked Rule 615(b)(4) and reduced the sentence to one to five years. In doing so, however, the appellate court failed to indicate how the trial court had erred and simply stated that after "carefully considering the seriousness of the offense and the history and character of the defendant, we believe the maximum sentence in this case should be reduced to five years." *People v. Perruquet* (1976), 41 Ill. App. 3d 543, 549, 355 N.E.2d 112, 117.

Pointing out that Rule 615(b)(4) does not specify the degree of deference to be accorded the trial court's judgment, the defendant

argued before the supreme court that a court of review may exercise its authority under Rule 615(b)(4) even absent a finding the trial court abused its discretion. However, the supreme court rejected this argument and noted that "our decisions have firmly established that the imposition of a sentence is a matter of judicial discretion." (*Perruquet*, 68 Ill. 2d at 153, 368 N.E.2d at 883.) The supreme court held that before a reviewing court exercises its authority pursuant to Rule 615(b)(4), it must first conclude that the trial court's sentence constituted an abuse of discretion. *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.

In explaining its decision, the court first observed that a well-reasoned judgment as to the proper sentence must be based upon the particular circumstances of each case. The supreme court held that such a judgment depends upon factors, including the defendant's credibility, demeanor, and general moral character, that the trial court, "in the course of the trial and the sentencing hearing, has an opportunity to consider *** 'which is superior to that afforded by the cold record in this court.' " (*Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884, quoting *People v. Morgan* (1974), 59 Ill. 2d 276, 282, 319 N.E.2d 764, 768.) The court therefore held that "the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight." *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.

Based upon this reasoning, the supreme court determined that the trial court's decision regarding sentencing, absent an abuse of discretion, may not be disturbed on appeal. The court specifically rejected the concerns of two dissenters that this holding "vests the circuit courts with virtually unlimited discretion in imposing [sentences]." (*Perruquet*, 68 Ill. 2d at 158, 368 N.E.2d at 886 (Goldenhersh, J., dissenting, joined by Dooley, J.).) The dissent argued that requiring the sentence to constitute an abuse of discretion before it could be modified ensured that reviewing courts would not disturb sentences. The majority of the court nonetheless held that sentencing lies within the province of the trial court and should not be interfered with absent an abuse of the trial court's discretion. *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.

The supreme court has further discussed Rule 615(b)(4) and a reviewing court's role in examining a sentence. In *People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541, 545, the court held unconstitutional legislation which affected the power of reviewing courts to evaluate and modify sentencing decisions. (See Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1.) The trial court in *Cox* sentenced defendants

Cox and Stevens, separately found guilty of distinct crimes, to two years in prison. On appeal, this court, in a 2-1 decision, held that section 5—5—4.1 of the then-recently enacted Unified Code loosened the standard of review and legislatively overruled the supreme court's holding in *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556, 301 N.E.2d 300, 302, that Rule 615(b)(4) did not permit courts of review to modify a sentence of imprisonment to one of probation. (*People v. Cox* (1979), 77 Ill. App. 3d 59, 61, 396 N.E.2d 59, 62.) The dissent vigorously argued that the legislature lacked the power to authorize courts of review to reduce a sentence to probation. (*Cox*, 77 Ill. App. 3d at 75, 396 N.E.2d at 71 (Green, J., dissenting).) Justice Green also noted that "[n]o indication has been shown of a legislative intent to lessen disparity of sentences by equating all sentences to those that would be imposed by the most lenient trial courts or approved by the most lenient courts of review." *Cox*, 77 Ill. App. 3d at 77, 396 N.E.2d at 73 (Green, J., dissenting).

On further appeal, the supreme court reversed the majority opinion and adopted Justice Green's conclusion that section 5—5—4.1 of the Unified Code impermissibly conflicted with the supreme court's exclusive authority to regulate the appellate process as implemented by Rule 615(b)(4). (*Cox*, 82 Ill. 2d at 275, 412 N.E.2d at 545.) In doing so, the court relied upon *Perruquet* and reaffirmed its interpretation of Rule 615(b)(4), including its conclusion that Rule 615(b)(4) does not authorize a court of review to reduce a sentence of imprisonment to probation. *Cox*, 82 Ill. 2d at 275, 412 N.E.2d at 545.

The supreme court also agreed with Justice Green that the appellate court majority opinion simply "reassessed the factors presented in aggravation and mitigation." (*Cox*, 82 Ill. 2d at 279, 412 N.E.2d at 547.) After noting the deference first enunciated in *Perruquet*, the supreme court concluded as follows:

> "The trial judge was charged with the difficult task of fashioning a sentence which would strike the appropriate balance between protection of society and rehabilitation of the offender. *** We have consistently held that it is not our function to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we would have balanced the appropriate factors differently if the task of sentencing had been ours." (*Cox*, 82 Ill. 2d at 280, 412 N.E.2d at 547.)

In reversing, the supreme court concluded that the appellate court essentially substituted its judgment for that of the trial court after reassessing the evidence, precisely what *Perruquet* prohibited.

We note that this court relied upon section 5—5—4.1 of the Unified Code to reduce a prison sentence to probation in *People v. Huff-*

*man* (1979), 78 Ill. App. 3d 525, 397 N.E.2d 526, and to vacate a prison sentence and remand for resentencing in *People v. Knowles* (1979), 70 Ill. App. 3d 30, 388 N.E.2d 261. This court overruled *Knowles* in *People v. Cameron* (1989), 189 Ill. App. 3d 998, 1009, 546 N.E.2d 259, 267; we conclude the supreme court overruled *Huffman sub silentio* in *Cox*, and we now do so expressly.

The supreme court again revisited Rule 615(b)(4) in *People v. O'Neal* (1988), 125 Ill. 2d 291, 531 N.E.2d 366. The court began its analysis reiterating that sentencing courts are vested with wide discretion to select the appropriate penalty in each case. Citing *Perruquet*, the supreme court reaffirmed that the trial court is in the best position to consider and weigh the relevant sentencing factors. *O'Neal*, 125 Ill. 2d at 297-98, 531 N.E.2d at 368.

The court then turned to Rule 615(b)(4), stating that "the mere fact that the trial court has a superior opportunity to make a determination concerning final disposition and punishment *** does not imply that a particular sentence imposed is always just and equitable." (*O'Neal*, 125 Ill. 2d at 298, 531 N.E.2d at 368.) After *O'Neal*, defendants and the appellate courts frequently cite this language to justify their desire to modify a sentence. However, the *O'Neal* court continued as follows:

"Accordingly, a reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate sentencing factors differently. [Citation.] Rather, reviewing courts exercise the authority granted under Rule 615(b)(4) cautiously, and the scope of an appellate court's examination of a sentence imposed by the trial court is limited to whether the record discloses that the trial court abused its discretion." (*O'Neal*, 125 Ill. 2d at 298, 531 N.E.2d at 369.)

Thus, the supreme court immediately tempers its seemingly expansive earlier language and reaffirms that the trial court is best suited to impose sentence.

In *People v. Streit* (1991), 142 Ill. 2d 13, 566 N.E.2d 1351, the supreme court again addressed the scope of Rule 615(b)(4). The trial court sentenced the defendant to two years in prison, the minimum term of imprisonment available. On appeal, the appellate court concluded that imprisonment was inappropriate and reversed the sentence pursuant to Rule 615(b) (107 Ill. 2d R. 615(b)). (*People v. Streit* (1990), 193 Ill. App. 3d 443, 446, 550 N.E.2d 244, 247.) Dissenting from that portion of the holding, Justice Heiple noted that the majority's "reversal and remand is tantamount to reducing the sentence [of imprisonment] to probation." (*Streit*, 193 Ill. App. 3d at 448, 550 N.E.2d at 248 (Heiple, P.J., concurring in part and dissent-

ing in part).) Noting that Rule 615(b)(4) does not permit a reviewing court to reduce a sentence of imprisonment to one of probation, Justice Heiple concluded that "[t]he decision of the majority amounts to a usurpation of the sentencing powers which have been specifically delegated to the trial court and denied to the appellate court." *Streit*, 193 Ill. App. 3d at 448, 550 N.E.2d at 248 (Heiple, P.J., concurring in part and dissenting in part).

The supreme court reversed and reinstated the sentence imposed by the trial court. Relying upon *Perruquet*, the supreme court first reiterated the great deference to which the trial court's sentencing decisions are entitled. The court next examined the scope of Rule 615(b)(4), citing both *Perruquet* and *O'Neal* for the proposition that a reviewing court may use Rule 615(b)(4) to reduce a sentence only when the sentence constitutes an abuse of discretion. The supreme court then reminded the appellate court to "proceed with great caution and care" to insure that it does "not substitute its judgment for that of a sentencing court merely because it would have weighed the factors differently." (*Streit*, 142 Ill. 2d at 19, 566 N.E.2d at 1353; see also *People v. Turner* (1993), 156 Ill. 2d 354, 359, 620 N.E.2d 1030, 1032 (reaffirming this principle).) As a result, the *Streit* court repudiated any notion that *O'Neal* diluted the principles enunciated in *Perruquet*.

The supreme court further noted that the appellate court majority reversed the trial court based upon its assessment of certain mitigating factors. (*Streit*, 142 Ill. 2d at 21, 566 N.E.2d at 1354.) The supreme court rejected this analysis, reaffirming that "*it is the province of the trial court to balance these factors* and make a reasoned decision as to the appropriate punishment in each case." (Emphasis added.) (*Streit*, 142 Ill. 2d at 21, 566 N.E.2d at 1354.) As a result, the supreme court rejected the appellate court's analysis because it essentially reweighed the factors in aggravation and mitigation, a function best suited for the trial court.

In the case before us, defendant cites *People v. Maldonado* (1992), 240 Ill. App. 3d 470, 608 N.E.2d 499, which relies upon *People v. Center* (1990), 198 Ill. App. 3d 1025, 556 N.E.2d 724, for the proposition that Rule 615(b)(4) authorizes this court to reduce his sentence upon a review of the various factors in aggravation and mitigation. We disagree.

In *Maldonado* and *Center*, the trial courts sentenced the defendants to terms of imprisonment within the appropriate statutory range. On appeal, the appellate court in each case, after considering the various sentencing factors, concluded that the record did not justify the sentences imposed. (*Maldonado*, 240 Ill. App. 3d at 486,

608 N.E.2d at 510; *Center*, 198 Ill. App. 3d at 1034-35, 556 N.E.2d at 730.) Indeed, the *Center* court specifically held that the trial court did not give adequate weight to certain mitigating factors or properly balance the evidence. (*Center*, 198 Ill. App. 3d at 1034, 556 N.E.2d at 730.) Accordingly, each court relied upon Rule 615(b)(4) to reduce each defendant's sentence to a lesser number of years in prison.

We reject this analysis. In determining whether the sentences imposed were proper, the *Maldonado* and *Center* courts—like the appellate courts in *Perruquet, Cox,* and *Streit*—reviewed the evidence, conducted a *de novo* balancing of the factors in aggravation and mitigation, and imposed a sentence they considered more appropriate. In doing so, they failed to adhere to the principles the supreme court set forth in *Perruquet, Cox,* and *Streit.*

Although both *Maldonado* and *Center* are First District Appellate Court cases, this court in the past has similarly utilized Rule 615(b)(4) to reduce a defendant's sentence, even though the trial court imposed a sentence within statutory limits.

For example, during the period between *Perruquet* and this court's opinion in *Cox* alone (1977 through 1979), this court did so several times. (*E.g., People v. King* (1978), 58 Ill. App. 3d 199, 373 N.E.2d 1045 (reducing sentence of three to nine years to one to three years); *People v. Brogan* (1979), 76 Ill. App. 3d 957, 395 N.E.2d 408 (reducing prison sentence imposed on revocation of probation from five years with credit for 33 days in jail to two years with full credit for time on probation), overruled in *People v. Bier* (1991), 210 Ill. App. 3d 1, 7, 568 N.E.2d 443, 447 (based upon supreme court decision in *Cox,* overruled to extent it supports proposition that sentences in excess of statutory minimum must somehow be "justified").) This court similarly utilized the rule prior to 1977 as well (*e.g., People v. Carroll* (1966), 76 Ill. App. 2d 9, 221 N.E.2d 528 (reducing sentence of 1 to 5 years to 1 to 1¹/₂ years); *People v. White* (1968), 93 Ill. App. 2d 283, 235 N.E.2d 393 (reducing sentence of four to five years to two to five years); *People v. Helton* (1969), 106 Ill. App. 2d 246, 245 N.E.2d 4 (reducing sentence of 10 to 20 years); *People v. Scott* (1969), 117 Ill. App. 2d 344, 253 N.E.2d 553 (reducing sentence of 7 to 14 years to 5 to 14 years); *People v. Lobb* (1971), 1 Ill. App. 3d 239, 273 N.E.2d 206 (reducing sentence of 8 to 13 years to 5 to 13 years); *People v. Majerus* (1971), 132 Ill. App. 2d 1052, 271 N.E.2d 380 (reducing sentence of one year to three months in prison); *People v. Slaten* (1972), 5 Ill. App. 3d 405, 283 N.E.2d 12 (reducing sentence of 10 to 30 years to 5 to 15 years); *People v. John* (1972), 5 Ill. App. 3d 544, 283 N.E.2d 319 (reducing sentence of 10 to 40 years to 5 to 40 years); *People v. Adams* (1972), 8 Ill. App. 3d 62, 289 N.E.2d 53 (reducing sentence of 5 to

10 years to 3 to 10 years concurrent to another sentence); *People v. Hundley* (1972), 8 Ill. App. 3d 71, 289 N.E.2d 49 (reducing sentence of 8 to 16 years to 5 to 16 years); *People v. Dandridge* (1973), 9 Ill. App. 3d 174, 292 N.E.2d 51 (reducing sentence of 14 to 28 years to 10 to 28 years); *People v. Worlow* (1974), 25 Ill. App. 3d 793, 325 N.E.2d 699 (abstract of opinion) (reducing sentence of 15 to 45 years to 10 to 45 years); *People v. Kelly* (1974), 22 Ill. App. 3d 111, 316 N.E.2d 777 (citing *Dandridge*, reducing sentence of 20 to 50 years to 10 to 50 years); *People v. Lawless* (1975), 31 Ill. App. 3d 650, 334 N.E.2d 292 (reducing sentence of 15 to 30 years to 10 to 30 years).

As these cases demonstrate, this court has previously engaged in a similar use of Rule 615(b)(4). However, we now conclude—inspired by Justice Scalia's recent introspections—that "[m]ore mature consideration has persuaded [us] that is wrong." (*Tome v. United States* (1995), 513 U.S. 150, 167, 130 L. Ed. 2d 574, 589, 115 S. Ct. 696, 706 (Scalia, J., concurring in part and concurring in the judgment).) We now hold that Rule 615(b)(4) does not contemplate a court of review reducing a sentence otherwise imposed in conformity with the law. Accordingly, to the extent those previous opinions of this court conflict with our holding here, we expressly overrule them.

■ To be sure, Rule 615(b)(4) permits appellate review of a trial court's sentence. As consistently held by the supreme court, courts of review may in some manner disturb a sentence when it constitutes an abuse of the trial court's discretion. Conversely, if a sentence does not constitute an abuse of discretion, Rule 615(b)(4) prohibits a court of review doing so.

Once a court of review has determined that a sentence constitutes an abuse of discretion, Rule 615(b)(4) provides the authority for that court to remedy the abuse. We note, however, that Rule 615(b)(4) neither explicitly sets forth a standard of review nor indicates the means by which a reviewing court should remedy the trial court's abuse of discretion.

We now hold that Rule 615(b)(4) requires a court of review, having determined that an otherwise lawful sentence constitutes an abuse of the trial court's discretion, to vacate that sentence and remand the matter to the trial court for imposition of a proper sentence. We further conclude that Rule 615(b)(4) does not authorize a court of review to select some lesser sentence to impose.

As we use the term "otherwise lawful sentence" above, it means a sentence which the trial court may lawfully impose in *some* case. For example, a trial court, in its discretion, can sentence a defendant convicted of a Class A misdemeanor to anywhere from 1 to 364 days in jail (see 730 ILCS 5/5—8—3(a)(1) (West 1992)), depending upon how it

weighs the evidence and balances the factors in aggravation and mitigation. Conversely, the trial court cannot lawfully sentence a misdemeanant to more than 364 days in jail. A sentence of 364 days or less would therefore constitute an "otherwise lawful sentence" for a Class A misdemeanor. On the other hand, the trial court lacks the authority to impose a jail sentence beyond 364 days, and such a sentence would not constitute an "otherwise lawful sentence." Accordingly, our holding today addresses only those cases in which a trial court imposes a sentence within statutory limits and yet, for whatever reason, that sentence constitutes an abuse of discretion.

Our holding stems from a recognition of the trial court's superior ability to consider the evidence, weigh the factors in aggravation and mitigation, "and make a reasoned decision as to the appropriate punishment in each case." (*Streit*, 142 Ill. 2d at 21, 566 N.E.2d at 1354.) The supreme court has often admonished courts of review to not simply substitute their judgment for that of the trial court in imposing sentence. Thus, in the context of Rule 615(b)(4), courts of review cannot sit *de facto* as sentencing courts on appeal. (See *People v. White* (1992), 237 Ill. App. 3d 967, 969, 605 N.E.2d 720, 721 (stating that "it is not our function to serve as a sentencing court" under Rule 615(b)(4)).) When a court of review concludes that an otherwise lawful sentence constitutes an abuse of discretion, it should not simply reweigh the evidence, balance the sentencing factors anew, and impose another, lesser sentence. Instead, we now hold that the proper course for a reviewing court—after concluding an otherwise lawful sentence constitutes an abuse of discretion—is to remand the case to the trial court. We therefore agree with Justice Heiple's conclusion that the responsibility to impose sentence has "been specifically delegated to the trial court and denied to the appellate court" (*Streit*, 193 Ill. App. 3d at 448, 550 N.E.2d at 248 (Heiple, P.J., concurring in part and dissenting in part), and reaffirm our earlier holding that "the discretion to impose a sentence is vested *solely* in the trial court." (Emphasis in original.) *People v. Nussbaum* (1993), 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758.

We emphasize that our holding does not prohibit a defendant from appealing—or a court of review from exercising its authority—pursuant to Rule 615(b)(4). Rather, our holding today, in the spirit of *Perruquet* and its progeny, limits the court of review's authority under Rule 615(b)(4) to first determine whether an otherwise lawful sentence imposed by the trial court constitutes an abuse of discretion, and if so, to remand the matter to the trial court for reconsideration and imposition of a new sentence in light of that determination.

We also note that Rule 615(b)(4) can be properly invoked when a trial court imposes a sentence not permitted by law. "In those cases, the appellate courts have uniformly reduced the sentences to the statutory maximum or have simply eliminated the unauthorized portion of the sentence." *People v. Elliott* (1992), 225 Ill. App. 3d 747, 754, 587 N.E.2d 639, 643 (trial court lacked authority to reduce the defendant's sentence from two years' periodic imprisonment with work release per a plea agreement to two years' probation; thus, appellate court modified the sentence to the maximum permissible term of periodic imprisonment—one year); see also *People v. Mangum* (1994), 260 Ill. App. 3d 631, 642-43, 632 N.E.2d 1097, 1104 (appellate court reduced the defendant's sentence to 15 years, the maximum for the offense he committed, because trial court improperly determined he was eligible for an extended-term sentence of 15 to 30 years and sentenced him to 30 years).

In the case before us, defendant was convicted of attempt (first degree murder), a Class X felony with a sentencing range of not less than six and not more than 30 years in prison. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(3).) Where a sentence falls within the statutory guidelines, it will not be disturbed on review unless it is manifestly disproportionate to the nature of the case. *Nussbaum*, 251 Ill. App. 3d at 783, 623 N.E.2d at 758.

■ The trial court addressed defendant's sentence three times: (1) at the original sentencing hearing in September 1992; (2) while resentencing him following his January 1993 motion to reconsider; and (3) in denying his February 1993 supplemental motion to reconsider sentence. Each time the trial court commented upon various factors in aggravation and mitigation, including (1) the serious nature of the offense, (2) evidence that the robbery was premeditated and the shooting unprovoked, (3) defendant's lack of rehabilitative potential, (4) defendant's inconsistent accounts of what happened, (5) the need to protect the public, (6) the need to deter others, and (7) defendant's history of criminality. The court ultimately sentenced defendant to 30 years in prison, which clearly falls within the statutory parameters for a Class X felony. Based upon this record, we hold that the trial court did not abuse its discretion. See *Nussbaum*, 251 Ill. App. 3d at 780-81, 623 N.E.2d at 757.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

KNECHT, P.J., and LUND, J., concur.