(No. 78948.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ZETTIE JONES, JR., Appellant.

*Opinion filed December 21, 1995.*

HARRISON, J., took no part.
HEIPLE, J., joined by BILANDIC, C.J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Lawrence J. Essig, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman and Leslie Hairston, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

In this appeal we conclude, consistent with our ruling in *People v. Kilpatrick* (1995), 167 Ill. 2d 439, that the trial court is not authorized to increase a term of

imprisonment when the court reconsiders the criminal sentence it originally imposed. In addition we determine that a reviewing court has the power and authority to reduce, on appeal, the sentence imposed by the trial court.

I

Defendant, Zettie Jones, Jr., was convicted of attempted murder, armed robbery, and aggravated battery with a firearm, upon his entry of a guilty plea with respect to a September 1991 incident in which defendant shot and robbed a convenience store clerk in Danville, Illinois. The trial court imposed consecutive sentences of 25 years' imprisonment for the attempted murder and armed robbery convictions.

Defendant subsequently filed a motion to withdraw his guilty plea and reconsider his sentences. Following a hearing, the trial court denied the request to vacate defendant's plea. However, the court granted defendant's request to reconsider his sentences. The trial court determined that it had committed error when, in admonishing the defendant during his guilty plea, the court neglected to advise the defendant that he might receive consecutive sentences. Because of this error, the trial court vacated defendant's sentences for attempted murder and armed robbery. The trial court resentenced the defendant to a single term of 30 years' imprisonment with respect to his attempted murder conviction. No new sentence was imposed for defendant's armed robbery conviction.

The defendant appealed from the trial court's sentencing decision, arguing *inter alia* that the trial court was not authorized to increase the term of imprisonment from 25 years to 30 years when the trial court resentenced the defendant for his attempted murder conviction. The appellate court affirmed the trial court's sentencing decision (271 Ill. App. 3d 264), and we

allowed defendant's petition for leave to appeal (145 Ill. 2d R. 315(a)).

## II

The defendant contends that the trial court erred when it increased the term of imprisonment with respect to his attempted murder conviction from 25 years to 30 years. We agree.

In *People v. Kilpatrick*, we held that section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)) does not permit a trial court to increase a sentence after it has been imposed. In that case, the circuit court initially imposed two consecutive sentences of six and nine years' imprisonment for the defendant's home invasion and attempted murder convictions, but vacated these sentences upon defendant's motion for reconsideration. In resentencing the defendant, the trial court imposed a "single sentence" of 15 years' imprisonment. Upon review, we held that the new sentence imposed by the trial court violated section 5—8—1(c), which provides that a "motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *However, the court may not increase a sentence once it is imposed.*" (Emphasis added.) 730 ILCS 5/5—8—1(c) (West 1992).

We reasoned that the trial court's imposition of a "single sentence" of 15 years' imprisonment was an "improper attempt[ ] to circumvent the clear and express language of section 5—8—1(c) of the Unified Code of Corrections." (*Kilpatrick*, 167 Ill. 2d at 442-43.) We noted that this section is consistent with the United States Supreme Court's decision in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, in which the Court stated that due process may prohibit a judge from imposing a more severe sentence when the defendant has been convicted following a

retrial because a greater sentence may penalize the defendant's right to challenge his conviction and sentence. *Kilpatrick*, 167 Ill. 2d at 443.

Bearing in mind the purpose of section 5—8—1(c), we agreed with the appellate court's reasoning in *People v. Rivera* (1991), 212 Ill. App. 3d 519, that consecutive sentences are not treated as a single sentence under section 5—8—1(c). Accordingly, a trial court's modification of sentences so that they are to be served concurrently rather than consecutively does not justify the trial court's increase in the terms of imprisonment for each sentence. (*Rivera*, 212 Ill. App. 3d at 525.) Similarly, the imposition of a single sentence does not permit an increase in the number of years which the defendant must serve for that sentence. We concluded in *Kilpatrick* that interpreting section 5—8—1(c) so that it prevented the trial court from increasing the defendant's term of imprisonment lessened the risk that the defendant would be penalized for his efforts to seek relief with respect to alleged sentencing errors.

The 30-year term of imprisonment imposed by the trial court in the instant cause suffers from the same infirmities that were apparent in *Kilpatrick*. As in *Kilpatrick*, the trial court in the present case initially imposed two consecutive sentences. Upon reconsideration, however, the trial court discerned that it should not have imposed consecutive sentences and vacated them. The trial court then sentenced the defendant to a longer term of imprisonment with respect to one of his convictions and imposed no sentence with regard to defendant's remaining conviction. As in *Kilpatrick*, such an increased term of imprisonment violates section 5—8—1(c). Accordingly, the appellate court and the trial court were in error when they concluded that the term of sentence imposed for defendant's attempted murder conviction could be increased upon reconsideration.

In light of our conclusion that the court erred in increasing the term of imprisonment for defendant's attempted murder conviction from 25 to 30 years, it remains for this court to decide the proper sentence which the defendant should receive for his attempted murder conviction. Although the defendant does not directly address this issue in his brief to this court, he argues that the term of imprisonment imposed by the trial court was an abuse of discretion and should be reduced on appeal. The appellate court rejected this argument, reasoning that a reviewing court lacks the power to reduce a sentence on appeal and that the 30-year sentence imposed by the circuit court was not an abuse of discretion. We turn our attention to these matters.

We consider first the appellate court's holding with respect to a reviewing court's power to reduce a sentence on appeal. The appellate court reasoned that under Rule 615(b)(4), a reviewing court may disturb a criminal sentence imposed by the trial court only in two instances: either (1) when the sentence exceeds statutory limits, or (2) when the sentence, although lawful, nevertheless amounts to an abuse of discretion. 271 Ill. App. 3d at 273.

It has long been established that the trial court has broad discretionary powers in choosing the appropriate sentence a defendant should receive. It has been emphasized that the trial court is in a superior position to assess the credibility of the witnesses and to weigh the evidence presented at the sentencing hearing. (*People v. Younger* (1986), 112 Ill. 2d 422, 427, quoting *People v. La Pointe* (1981), 88 Ill. 2d 482, 492-93.) Where the sentence chosen by the trial court is within the statutory range permissible for the pertinent criminal offense for which the defendant has been tried and charged, a reviewing court has the power to disturb the

sentence only if the trial court abused its discretion in the sentence it imposed. (*People v. Hicks* (1984), 101 Ill. 2d 366, 375; *People v. Godinez* (1982), 91 Ill. 2d 47, 54, 55; *People v. Cox* (1980), 82 Ill. 2d 268, 275; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) The reviewing court need not reach the question of abuse of discretion, but may proceed to a reduction of the sentence on appeal, where it is determined that the sentence chosen by the trial court was not authorized by law. (*People v. Hooper* (1989), 133 Ill. 2d 469, 498; *People v. Collins* (1985), 106 Ill. 2d 237, 285-86.) This precedent supports the appellate court's initial determination that a trial court's sentencing decision may be disturbed upon review only when it either was unlawful or amounted to an abuse of discretion.

The appellate court in the present case adopted an additional ruling which we find inconsistent with precedent of this court. Specifically, the appellate court observed that Rule 615(b)(4) "requires a court of review, having determined that an otherwise lawful sentence constitutes an abuse of the trial court's discretion, to vacate that sentence and remand the matter to the trial court for imposition of a proper sentence." (271 Ill. App. 3d at 273.) The court stated that the rule "does not authorize a court of review to select some lesser sentence to impose" and determined that, when the circuit court has abused its discretion in selecting a sentence, the reviewing court must always remand the cause to the trial court for further sentencing proceedings. The appellate court concluded that the power to select and impose a sentence is granted solely and exclusively to the trial court. 271 Ill. App. 3d at 274.

The appellate court's interpretation of the scope of a reviewing court's power to reduce a criminal sentence on appeal is an overly restrictive ruling that fails to give content to the plain language of our supreme court

rules and is in conflict with precedent of this court. Rule 615(b)(4) states in pertinent part, "On appeal the reviewing court may *** reduce the punishment imposed by the trial court." (134 Ill. 2d R. 615(b)(4).) Similarly, Rule 615(b)(1) states that a reviewing court has the power to "reverse, affirm, or modify the judgment or order from which the appeal is taken." (134 Ill. 2d R. 615(b)(1).) These rules are to be construed according to their plain language (see *People v. Pettit* (1984), 101 Ill. 2d 309, 313) and should not be interpreted in a fashion that renders their terms meaningless or superfluous (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63). Both Rules 615(b)(1) and (b)(4) clearly and unambiguously grant to the reviewing court the power to modify and reduce a criminal sentence imposed by the trial court. The interpretation adopted by the appellate court would deprive a reviewing court of such power to reduce a sentence on appeal, and would thereby effectively nullify both Rules 615(b)(1) and 615(b)(4) in the context of appellate review of criminal sentences.

The appellate court's ruling relied upon precedent of this court which, upon analysis, does not support the appellate court's decision. Neither *People v. Perruquet* (1977), 68 Ill. 2d 149, *People v. Cox* (1980), 82 Ill. 2d 268, *People v. O'Neal* (1988), 125 Ill. 2d 291, nor *People v. Streit* (1991), 142 Ill. 2d 13, holds that a reviewing court is without power to reduce a sentence imposed by the circuit court once it has been determined that the circuit court's ruling was an abuse of discretion. In *Perruquet*, 68 Ill. 2d 149, the court held that the appellate court must find an abuse of the trial court's discretion before the reviewing court may reduce the defendant's sentence on appeal. Similarly, the court in *Cox*, 82 Ill. 2d 268, and *Streit*, 142 Ill. 2d 13, ruled that the appellate court could not substitute its judgment for that of the trial court and could not reduce the sentence imposed by the

trial court merely because the reviewing court would have weighed pertinent factors differently.

In *O'Neal*, 125 Ill. 2d 291, this court relied upon Rule 615(b)(4) to conclude that the appellate court had acted properly when it modified the defendant's sentences such that they would run concurrently rather than consecutively. This court reasoned as follows:

> "Reviewing courts have the power and authority under Supreme Court Rule 615(b)(4) [citation] to reduce a sentence imposed by the trial court. In a line of cases, this court has consistently held that the imposition of sentence is a matter of judicial discretion and the standard of review to determine whether a sentence is excessive is whether the trial court abused that discretion. [Citations.] The reasoning is, of course, that the trial court is in the best position to consider, *inter alia*, credibility, demeanor, general moral character, mentality, social environment, habits and age. [Citation.] However, the mere fact that the trial court has a superior opportunity to make a determination concerning final disposition and punishment of a defendant does not imply that a particular sentence imposed is always just and equitable. [Citations.]
>
> Accordingly, a reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate sentencing factors differently. [Citation.] Rather, reviewing courts exercise the authority granted under Rule 615(b)(4) cautiously, and the scope of an appellate court's examination of a sentence imposed by the trial court is limited to whether the record discloses that the trial court abused its discretion." *O'Neal*, 125 Ill. 2d at 297-98.

Based upon these principles, this court in *O'Neal* found no error in the appellate court's decision that the trial court's imposition of consecutive sentences was excessive and should be reduced on appeal. This court further discerned no error in the appellate court's decision to impose concurrent sentences for the defendant's convictions. In so ruling, this court specifically cited and referred to prior case law in which the reviewing court

had reduced a defendant's sentence on appeal. *O'Neal*, 125 Ill. 2d at 300, citing *People v. Walcher* (1969), 42 Ill. 2d 159 (reducing defendant's death sentence to a term of imprisonment because the death penalty was found to be excessive in view of the defendant's alcoholism); *People v. Treadway* (1985), 138 Ill. App. 3d 899 (appellate court reduced by half the defendant's term of imprisonment on the ground that the original sentence was excessive inasmuch as it did not take into account defendant's potential for rehabilitation); *People v. Gray* (1984), 121 Ill. App. 3d 867 (consecutive, extended terms of imprisonment reduced because evidence did not show them to be necessary or appropriate); *People v. Nelson* (1982), 106 Ill. App. 3d 838 (term of imprisonment reduced by half where original sentence was excessive in view of matters in mitigation).

Other decisions of this court have similarly reaffirmed the principle that Rule 615(b)(4) authorizes a reviewing court's modification or reduction of a criminal sentence on appeal. (*People v. Palmer* (1994), 162 Ill. 2d 465, 487; *People v. Turner* (1993), 156 Ill. 2d 354, 359; *People v. James* (1987), 118 Ill. 2d 214, 228; *People v. La Pointe* (1981), 88 Ill. 2d 482, 492; *People v. Gleckler* (1980), 82 Ill. 2d 145, 162; *People v. Lykins* (1979), 77 Ill. 2d 35, 40; *People v. Lambrechts* (1977), 69 Ill. 2d 544, 559; *People v. Butler* (1976), 64 Ill. 2d 485, 490; *People v. Hayes* (1972), 52 Ill. 2d 170, 172; *People v. Eubank* (1970), 46 Ill. 2d 383, 394; *People v. Nelson* (1968), 41 Ill. 2d 364, 368; *People v. Caldwell* (1968), 39 Ill. 2d 346, 355-56.) In addition, this court has utilized Rule 615(b)(4) to reduce a criminal defendant's sentence upon review when it was decided that the sentence imposed by the trial court was an abuse of discretion. *People v. Leger* (1992), 149 Ill. 3d 355; *People v. Saldivar* (1986), 113 Ill. 2d 256; *People v. Buggs* (1986), 112 Ill. 2d 284; *Gleckler*, 82 Ill. 2d 145; *People v. Carlson* (1980), 79 Ill. 2d 564; *People v.*

*Viser* (1975), 62 Ill. 2d 568; *People v. Harper* (1972), 50 Ill. 2d 296, 301-02; *People v. Cannon* (1971), 49 Ill. 2d 162; *People v. Crews* (1969), 42 Ill. 2d 60; see also *People v. Morgan* (1977), 67 Ill. 2d 1, 10 (affirming appellate court's reduction in defendant's sentence on ground that it was excessive); *People v. Jones* (1975), 60 Ill. 2d 300, 311-12 (same).

In light of the jurisprudence of this court and the plain language of Rules 615(b)(1) and (b)(4), we conclude a court of review has the power to reduce a defendant's sentence on appeal once it has been determined that the trial court's sentencing decision was unlawful or an abuse of discretion. Whether the appellate court should elect to choose a new sentence, rather than remand the matter for resentencing by the trial court, depends upon all of the surrounding circumstances of each particular case. For example, the parties may have no new or additional evidence to offer upon remand and the proof presented to the trial court may have been relatively straightforward and uncomplicated. In such circumstances, it may be appropriate for the appellate court to impose sentence rather than exhaust additional judicial resources, as well as the resources of counsel for the State and the defense, that would be expended by ordering a new sentencing hearing. (See, *e.g., Saldivar*, 113 Ill. 2d 256.) We re-emphasize that the power to reduce a sentence should be exercised "cautiously and sparingly" (*O'Neal*, 125 Ill. 2d at 300), but note that the authority to reduce a criminal sentence remains an important and valuable tool in the appellate court's choice of remedies when reviewing sentences imposed by the circuit court.

Turning to the present case, we note initially that the 30-year term of imprisonment imposed by the trial court with regard to defendant's attempted murder conviction must be vacated, inasmuch as it was an

improper increase in the defendant's sentence in violation of section 5—8—1(c) of the Code. In addition, we find it appropriate to reinstate the 25-year sentences originally imposed by the trial court; it is unlikely that the trial court would impose lesser sentences if the matter were remanded for resentencing. Therefore, we review the record to determine whether the trial court's imposition of 25-year sentences at the original sentencing hearing constituted an abuse of discretion.

The record shows that defendant was convicted for shooting Todd Finley, a Super Pantry clerk in Danville, Illinois, on September 12, 1991, at approximately 1:30 a.m. According to the State's offer of evidence at the hearing in which defendant plead guilty, defendant entered the store and told Finley, at gunpoint, to take all of the money out of the cash register. When Finley complied with this demand, defendant ordered Finley to take all of the money out of the safe. Finley attempted to do so but defendant became frustrated that Finley was not acting quickly enough. Defendant continued to demand more money and, after a few more moments, shot Finley in the face. The bullet entered Finley's left jaw and lodged in his neck, requiring surgery and causing permanent damage and disability. It was established at the sentencing hearing that the defendant had a criminal record both as a juvenile and as an adult.

In his own defense at the sentencing hearing, defendant offered the testimony of his mother, Othy Mae Woodfork. She testified that defendant had attended special education classes because he is "a real slow learner." She said that this caused defendant to be embarrassed and as a result he often failed to attend school when he was younger and had difficulties in social interactions with his peers.

Defendant testified in his own behalf that he committed the offenses because some friends had caused

him to get "high" on drugs, suggested that he "make a hit" and had given him a gun to commit the offenses. Defendant expressed remorse for what he had done and stated that he did not believe he would have committed the crimes if he had not been under the influence of drugs and if his companions had not suggested it to him.

The trial court's selection of 25 years' imprisonment was not an abuse of discretion. The transcript plainly shows that the trial court thoroughly considered the evidence presented and weighed appropriate factors influencing a sentencing decision. For example, the trial court judge noted that the "most telling" factor in imposing sentence was the circumstance that the defendant's conduct caused serious physical harm to the victim and that there had been no provocation for the attack. The court also took into account the defendant's prior history of criminal activity, including offenses such as residential burglary and theft. The court expressed the view that the sentence "must be necessary to deter others from commission of the same type of an offense," noting that convenience stores that are continuously open, and the persons who frequent them in the early morning hours are particularly vulnerable to criminal acts.

The court noted the defendant's contention that he had been under the influence of drugs and alcohol, but further observed that there was "no evidence that you were forced to consume either substance." The court also looked to the circumstances that the defendant had given differing accounts with respect to how he came into possession of the weapon he used during the attack, and with regard to what caused the gun to fire during the incident. The court stated that it believed that the offenses were "a planned deal *** for some period of time."

The court concluded that defendant had committed

"very serious offenses" that "cannot be tolerated in our society." It reasoned that there had been "little, if anything, shown to the court" by way of mitigation. The court stated that a substantial sentence was necessary to protect the public from the defendant and to remind others of the seriousness of the conduct. The court stated that a maximum period of incarceration would be necessary "for any possibility of rehabilitation."

In light of these observations of the trial court at the sentencing hearing, the record fails to demonstrate an abuse of discretion. The trial court considered the seriousness of the defendant's crime, the significant physical injuries he had inflicted upon the victim, and the special vulnerability of those who shop and work during early morning hours. The court also took into account the defendant's past criminal record and his failure to be forthright in his accounts to the court. The court further considered the defendant's explanation that he had been under the influence of drugs and alcohol and that his companions had influenced him to commit the crimes. Nevertheless, weighing the slight mitigating evidence against the substantial aggravating circumstances, the court chose to impose a lengthy term of imprisonment, stating that it was necessary to ensure the defendant's rehabilitation.

For the reasons stated, the judgment of the appellate court is reversed. The judgment of the circuit court is affirmed but modified to impose concurrent sentences of 25 years' imprisonment for defendant's attempted murder and armed robbery convictions.

*Appellate court judgment reversed;*
*circuit court judgment affirmed as modified.*

JUSTICE HARRISON took no part in the consideration or decision of this case.

JUSTICE HEIPLE, dissenting:

I respectfully dissent for the reasons stated in my dissent and in Chief Justice Bilandic's dissent in *People v. Kilpatrick* (1995), 167 Ill. 2d 439, 448-49.

CHIEF JUSTICE BILANDIC joins in this dissent.