22 June 2000

                         No. 3--99--0182

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2000

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 10th Judicial Circuit,

       )  Peoria County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 98--CF--579

  )

RONALD G. HORTON,               )  Honorable

  )  Robert A. Barnes, Jr.,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

 JUSTICE LYTTON delivered the opinion of the court:                ________________________________________________________________

Following a stipulated bench trial, defendant Ronald G. Horton was convicted of four counts of reckless homicide (720 ILCS 5/9--3 (West 1998)) and sentenced to an aggregate term of 12 years' imprisonment.  He appeals, claiming that (1) two of his convictions must be vacated under principles of "one-act, one- crime"; and (2) the court erred in imposing consecutive sentences.  Defendant requests that this court vacate two convictions and order that the sentences for the remaining convictions be served concurrently.  The State concedes the 
defendant's issues, but requests that the cause be remanded to the trial court for a new sentencing hearing.  We vacate in part, affirm in part and modify the sentencing order. 

FACTS

Defendant was indicted in six counts for reckless homicide and aggravated driving under the influence of alcohol (DUI).  Count I charged reckless homicide of Edwin Saurbaugh by driving too fast, in disobedience of a traffic control device and while under the influence of alcohol and cannabis.  Count II contained the same allegations of reckless homicide of Wayne Crafton.  Counts III and IV charged reckless homicide of Saurbaugh and Crafton, respectively, in the same manner as Counts I and II, but left out any reference to alcohol and cannabis.  The defendant was charged in counts V and VI with aggravated DUI resulting in great bodily harm to the victims.

Stipulated evidence at trial established that around 4:50 a.m. on June 19, 1998, the defendant drove a Toyota Celica at a high rate of speed northbound on Old Galena Road through a stop light and into the intersection of Old Galena and Cedar Hills Drive, in Peoria County, Illinois.  There, he broadsided a Pontiac Parisienne traveling westbound on Cedar Hills Drive.  As a result of the collision, defendant's passenger, Crafton, and the driver of the Pontiac, Saurbaugh, were both killed.  

Personnel at the emergency room of the hospital where the defendant was delivered noted that defendant smelled strongly of alcohol.  Defendant admitted to a nurse that he had had a lot to drink.  Chemical analysis of his bodily fluids revealed that defendant's blood-alcohol concentration was .155, and his urine indicated the presence of cannabinoids.  

The trial court found defendant guilty and entered convictions on all counts of the indictment.  Defendant was subsequently sentenced to concurrent seven-year terms of imprisonment on counts I and III and to concurrent five-year terms of imprisonment on counts II and IV, the five-year terms to run consecutively to the seven-year terms.  The court did not impose sentences on the aggravated DUI convictions.

ISSUES AND ANALYSIS

I.

On appeal, the parties agree that defendant's two convictions for reckless homicide as alleged in counts III and IV should be vacated under one-act, one-crime principles.  Pursuant to 
People v. King
, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), where all of the elements of one offense are included in another, a conviction for only the more serious offense may stand.  See 
People v. Garcia
, 179 Ill. 2d 55, 688 N.E.2d 57 (1997).

In this case, counts I and II are the more serious offenses. These counts included all of the elements of counts III and IV and added that the defendant was under the influence of alcohol and cannabis.  As such, counts I and II were punishable as Class 2 felonies for a term of 3 to 14 years (720 ILCS 5/9--3(e) (West 1998)), while the lesser-included offenses were punishable as Class 3 felonies (720 ILCS 5/9--3(d)(2) (West 1998)).  Accordingly, we vacate the defendant's reckless homicide convictions and sentences for counts III and IV.  

Further, although defendant was not sentenced on his aggravated DUI conviction and the parties have not disputed those convictions, the convictions on counts V and VI should also be vacated under one-act, one-crime principles.  
People v. Latto
, 304 Ill. App. 3d 791, 710 N.E.2d 72 (1999); 
People v. Green
, 294 Ill. App. 3d 139, 689 N.E.2d 385 (1997).  We therefore vacate the aggravated DUI convictions.  See 
Garcia
, 179 Ill. 2d 55, 688 N.E.2d 57.

II.

Next, the parties agree that the trial court lacked authority to impose consecutive sentences on Counts I and II.  Concurrent sentences are required under section 5--8--4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--4(a) (West 1998)) for multiple convictions of reckless homicide if the offenses were committed as part of a single course of conduct.  See 
People ex rel. Starks v. Frye
, 39 Ill. 2d 119, 233 N.E.2d 413 (1968).  Clearly, concurrent sentencing was required in this case, and the trial court's imposition of consecutive sentences was plain error.  See 
People v. Kyles
, 303 Ill. App. 3d 338, 708 N.E.2d 391 (1998).

III.

In light of the above, defendant asks this court to modify his sentences to run concurrently pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)).  See 
People v. Kilpatrick
, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995); 
People v. Jones
, 168 Ill. 2d 367, 659 N.E.2d 1306 (1995).  However, the State contends that the trial court's sentencing decision was a nullity; therefore, the cause must be remanded for a new sentencing hearing.  See 
People v. Arna
, 168 Ill. 2d 107, 658 N.E.2d 445 (1995); 
Garcia
, 179 Ill. 2d 55, 688 N.E.2d 57.  We agree with the defendant.

A brief overview of the cases cited by the parties is necessary to explain our disposition.  In 
Arna
, the defendant was improperly sentenced to concurrent, rather than consecutive prison terms for two counts of attempted first degree murder.  A majority of our supreme court ruled that sentences imposed in violation of the mandatory provisions of section 5--8--4(a) were void.  Therefore, the sentences were vacated and the cause was remanded to the trial court for imposition of consecutive sentences.  
Arna
, 168 Ill. 2d 107, 658 N.E.2d 445.

The same day that 
Arna
 was decided, the court handed down its opinion in 
Kilpatrick
.  In 
Kilpatrick
, the trial court initially imposed consecutive sentences of six and nine years for home invasion and attempted murder, respectively.  On reconsideration, the trial court agreed that concurrent sentences were mandatory and imposed a single 15-year sentence.  The majority of the supreme court ruled that the trial court's imposition of a prison sentence greater than the longer of the two individual sentences initially imposed (nine years) was prohibited by section 5--8--1(c) of the Code (730 ILCS 5/5--8--

1(c) (West 1994)).  The court modified the defendant's sentence to  concurrent terms of six and nine years.  
Kilpatrick
, 167 Ill. 2d 439, 657 N.E.2d 1005.

Two months later, a divided supreme court affirmed its
 Kilpatrick
 decision in 
Jones
.  
Jones
 received consecutive 25-year prison sentences for attempted murder and armed robbery.  The trial court subsequently granted the defendant's motion to reconsider on the ground that concurrent sentences were mandatory.  The court then imposed a single sentence of 30 years for attempted murder.  Following the reasoning of 
Kilpatrick
, the supreme court, in the exercise of its authority under Rule 615(b)(1) and (4) (134 Ill. 2d R. 615(b)(1),(4)), reduced the aggregate sentence to 25 years by imposing 25-year concurrent sentences for the two offenses.  
Jones
, 168 Ill. 2d 367, 659 N.E.2d 1306.

More recently, the issue was revisited in 
Garcia
.  In 
Garcia
, multiple defendants were convicted of multiple offenses in connection with a gang rape.  The defendants' convictions for aggravated criminal sexual assault triggered the mandatory consecutive sentencing provision of section 5--8--4(a).  However, the trial court imposed concurrent sentences for many of the offenses.  On appeal, the appellate court vacated all of the sentences and remanded the cause for re-sentencing with directions to impose consecutive sentences pursuant to section 5-

-8--4(a).  The court specifically allowed the trial court to increase each defendant's total sentence.  
People v. Garcia
, 281 Ill. App. 3d 602, 667 N.E.2d 516 (1996).

A
 majority of the supreme court, citing 
Arna
, affirmed the appellate court's ruling
.  Without reference to 
Kilpatrick
 and 
Jones
, the majority rejected the defendants' claims that the appellate court's mandate in the situation before it violated section 5--8--1(c)'s prohibition against increasing a sentence.  
People v. Garcia
, 179 Ill. 2d 55, 688 N.E.2d 57 (1997).  
Garcia's
 reliance on 
Arna
 and its silence with respect to 
Kilpatrick
 and 
Jones
 seem to indicate that the majority did not intend to overrule 
Kilpatrick
 and 
Jones
.  See 
Garcia
, 179 Ill. 2d at 78-79, 688 N.E.2d at 68 (Nickels, J., dissenting).

The consecutive sentences imposed in this case, in violation of section 5--8--4(a) of the Code, are analogous to 
Kilpatrick
 and 
Jones
; they are distinguishable from 
Arna
 and 
Garcia
, where the sentences were erroneously ordered to run concurrently.  When initially consecutive sentences are corrected to run concurrently, they are not void, and the imposition of a greater sentence for any single conviction would be impermissible under section 5--8--1(c).  See 
Jones
, 168 Ill. 2d 367, 659 N.E.2d 1306.

Pursuant to 
Kilpatrick
 and 
Jones
, the maximum aggregate prison term that can be imposed on review in this case is seven years, the term imposed for reckless homicide in count I.  Such relief has been granted in other analogous cases pursuant to the authority granted by Rule 615(b) (see, 
e.g.
, 
People v. Arrington
, 297 Ill. App. 3d 1, 696 N.E.2d 1229 (1998); 
People v. Cunitz
, 59 Ill. App. 3d 701, 375 N.E.2d 1020 (1978)), and we see no reason to deny it here.  Accordingly, we modify defendant's sentencing order by ordering that the seven- and five-year prison terms for counts I and II, respectively, run concurrently.

CONCLUSION

For the reasons stated, we hereby vacate defendant's convictions and sentences imposed for reckless homicide under counts III and IV; we vacate the convictions entered for aggravated DUI; and we affirm defendant's convictions for reckless homicide under counts I and II and modify the sentences to run concurrently rather than consecutively. 

Vacated in part and affirmed in part as modified.

SLATER, P.J., and KOEHLER, J., concur.