2019 IL App (1st) 180729-U

SIXTH DIVISION
December 13, 2019

No. 1-18-0729

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 19971 |
| | ) | |
| ADEKUNLE ADEFEYINTI, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Petitioner-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's order denying leave to file a successive petition is reversed, and pursuant to this court's authority under Illinois Supreme Court Rule 615(b)(4), defendant's improper extended-term sentences for his Class 3 and Class 4 felony convictions are reduced to the maximum available term for each offense.

¶ 2     Defendant, Adekunle Adefeyinti, appeals the order of the circuit court granting the State's motion to dismiss his post-conviction petition. On appeal, defendant contends that although his petition was untimely filed, this court should exercise its authority and reduce his improper extended term sentences to the maximum, non-extended term sentence where his petition stated a

meritorious claim of ineffective assistance of appellate counsel for failing to challenge his unlawful extended term sentences. For the following reasons, we modify defendant's improper extended-term sentences to the maximum available for each offense.

¶ 3                                    JURISDICTION

¶ 4      The trial court dismissed defendant's post-conviction petition on March 6, 2018. Defendant filed a notice of appeal on March 6, 2018. Accordingly, this court has jurisdiction pursuant to Article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, §6) and Rule 651(a) (eff. July 1, 2017), governing appeals from a final judgment in post-conviction proceedings.

¶ 5                                    BACKGROUND

¶ 6      We set forth only those facts necessary to this appeal. A comprehensive recitation of the facts can be found in this court's order regarding defendant's direct appeal, *People v. Adefeyinti*, 2014 IL App (1st) 123388-U. Defendant was charged with attempted murder, aggravated criminal sexual abuse, failure to report a motor vehicle accident causing personal injury, aggravated battery, and leaving the scene of a motor vehicle accident causing personal injury. He was acquitted of the attempted murder and aggravated criminal sexual abuse charges, but was found guilty of the remaining charges.

¶ 7      Based on a prior Class 2 felony conviction, defendant was eligible for extended-term sentencing. For his conviction of failure to report an accident causing personal injury, a Class 2 felony, the trial court imposed an extended-term sentence of 12 years' imprisonment, to be served at 50%. The court also imposed an extended-term sentence of 10 years for aggravated battery involving great bodily harm, a Class 3 felony, to be served at 85%, and an extended-term sentence of 6 years for leaving the scene of an accident causing personal injury, a Class 4 felony, all

sentences to be served concurrently. Defendant filed a direct appeal in which he did not raise any sentencing claims, and this court affirmed defendant's convictions and sentences. *Id.* Defendant's petition for leave to appeal to the Illinois Supreme Court was denied on November 26, 2014.

¶ 8 On October 13, 2016, defendant filed a *pro se* "petition for leave to file a late petition for post-conviction relief." His petition raised various claims, including ineffective assistance of appellate counsel for "failure to raise viable issues" on direct appeal and ineffective assistance of trial counsel for failure to "build a defense." Specifically, defendant alleged that appellate counsel failed to raise the issue that trial counsel was ineffective for failing to impeach a State's witness and for failing to put on a defense when the witness gave two different versions of the incident. He alleged that appellate counsel was also ineffective for failing to challenge his eligibility for Class X sentencing, and the double enhancement of his sentences. Defendant also alleged that on "several occasions, [he] discussed with his appellate counsel both in written [*sic*] and on the phone facts and issues, claims which allegedly should have been raised on appeal," but counsel never raised those issues. The petition instructed, "[s]ee petitioner and appellate counsel respond and request letters, attached as EXHIBIT (H)."

¶ 9 The exhibit included a letter to appellate counsel, dated August 12, 2014, in which defendant outlined "a list of crucial evidence in which [he] would like to be encased in the pending appeal." In the letter, defendant stated that he "was given an extended-term sentence on all charges," even though the trial court could only impose an extended-term sentence on the "greater offense," citing *People v. Bell*, 196 Ill. 2d 343 (2001). The petition moved to the second stage and defendant was assigned counsel. Post-conviction counsel filed a supplemental petition "which incorporates, and is to be considered in addition to [defendant's] pro-se pleading." The

supplemental petition only alleged that defendant was denied effective assistance of appellate counsel where counsel failed to challenge the trial court's consideration of improper aggravating factors at sentencing.

¶ 10     The State filed a motion to dismiss. In the motion, the State argued that defendant's petition was untimely where his petition for leave to appeal to the supreme court was denied on November 26, 2014, and since no writ of certiorari was filed, his post-conviction petition should have been filed by August 24, 2015. 725 ILCS 5/122-1 (West 2016). Defendant as petitioner bears the burden of establishing that the delay was not due to his culpable negligence and no explanations were given for the late filing. The State also argued that defendant's double enhancement claim, and his ineffective assistance of counsel claims, were meritless. Specifically, the State noted that trial counsel cross-examined the witness regarding her testimony and that defendant was entitled to reasonable, not perfect, representation. The State also argued that defendant was not sentenced as a Class X offender, but only to extended-term sentences, and that the trial court did not consider improper factors in aggravation. The motion to dismiss did not address defendant's contention that his extended-term sentences for lesser class convictions were improper.

¶ 11     In response, defendant's post-conviction counsel asked the court to disregard the timeliness of the petition for reasons of fairness and justice. The response urged the court to consider defendant's meritorious claim that his appellate counsel provided ineffective assistance in failing to challenge the trial court's consideration of improper factors in aggravation at sentencing, specifically the testimony of UPS officer Carroll.

¶ 12     The trial court granted the State's motion to dismiss, stating that it "agree[s] with the State's analysis under either angle." Defendant filed a timely notice of appeal on March 6, 2018. While

his appeal was pending, the appellate defender filed numerous motions for extensions of time to file a brief. The last such motion, filed on September 9, 2019, requested another 60-day extension of time because the office has "a backlog of approximately 1404 unbriefed cases." Appellate counsel stated that it "cannot complete Appellant's brief by the above due date because, in fairness to all our clients, it is the policy of the Office of the State Appellate Defender to brief the oldest cases by final judgment date. *** Currently, there are 359 unbriefed cases in this office with judgment dates prior to defendant's judgment date." The motion further stated that "[t]he delay in the filing of the brief is in no way the fault of Appellant, and Appellant should not be penalized for the backlog of cases."

¶ 13    After this last motion to extend time was granted, defendant's counsel sent an email on September 16, 2019, asking if the State would agree to a summary disposition of the matter despite the untimeliness of defendant's petition, because defendant is currently serving time on an illegal extended-term sentence. The State's Attorney responded that he did "appreciate your position," but that *People v. Castleberry*, 2015 IL 116916, "has severely limited the appellate court's (and the parties') ability to remediate procedurally defaulted sentencing claims in collateral proceedings." The State did not believe that the appellate court could exercise its authority under Illinois Supreme Court Rule 615(b) to vacate or modify defendant's sentence without a valid legal basis. Instead, an appropriate vehicle for relief is to file either a petition for writ of *mandamus* under Rule 381, or defendant should seek supervisory relief.

¶ 14    On September 20, 2019, defendant filed a motion for summary disposition in this court requesting the same relief. In the motion, defendant argued that although the trial court imposed extended-term sentencing on all of his convictions, extended-term sentences may be imposed for

the class of the most serious offense where his convictions did not arise from unrelated courses of conduct. Therefore, defendant could only be sentenced to an extended-term on the Class 2 felony of failure to report a motor vehicle accident causing personal injury. He was sentenced to 12 years on that count, to be served at 50%. He finished serving that sentence on May 29, 2018. His release date, however, is listed as November 29, 2020, which reflects defendant's improper extended-term sentence of 10 years for aggravated battery, a Class 3 felony, to be served at 85%. Therefore, defendant "has served more time than his entire legal sentence and is currently serving time in prison beyond his legally authorized sentence."

¶ 15    The State responded that *Castleberry* does not allow a reviewing court to remediate a statutorily nonconforming sentence in perpetuity. It proposed expedited briefing on the case. Defendant's reply argued that this court can exercise its authority under Rule 615(b) to reduce his sentence. This court denied the motion for summary disposition and ordered expedited briefing.

¶ 16                                ANALYSIS

¶ 17    The parties do not dispute that defendant is presently serving time pursuant to an extended-term sentence unauthorized by statute. Where the convicted offenses do not stem from unrelated courses of conduct, "an extended-term sentence may be imposed only on those offenses within the most serious class." *People v. Bell*, 196 Ill. 2d 343, 355 (2001). The trial court imposed an extended-term sentence of 12 years' imprisonment, to be served at 50%, for defendant's Class 2 felony conviction, the most serious class offense. Defendant finished serving this sentence on May 29, 2018. However, the court also imposed an extended-term sentence of 10 years for his Class 3 felony conviction, to be served at 85%, and an extended-term sentence of 6 years for his Class 4 felony conviction. Defendant is currently serving time pursuant to the unauthorized extended-term

sentence for his Class 3 felony conviction. A statutorily nonconforming sentence is not void, however, but "merely voidable and subject to the usual rules of forfeiture or other procedural restraints." *People v. Price*, 2016 IL 118613, ¶17, citing *Castleberry*, 2015 IL 116916, ¶¶11-18.

¶ 18    The parties do not dispute that defendant's post-conviction petition was untimely filed pursuant to section 122-1(c) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(c) (West 2016). This time limit, however, is not an inherent element of the right to bring a post-conviction petition. *People v. Blair*, 215 Ill. 2d 427, 439 (2005). Rather, it is "an affirmative defense which can be raised, waived or forfeited by the State." *Id.* Therefore, "[i]f an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive that procedural defect during the second stage of post-conviction proceedings." *People v. Boclair*, 202 Ill. 2d 89, 101-102 (2002).

¶ 19    Defendant's *pro se* petition, including the exhibits, alleged a violation of his constitutional right to effective assistance of appellate counsel where counsel failed to raise the issue of his improper extended-term sentences on direct appeal. Unfortunately, this allegation was not clearly presented in the petition as it was contained in a letter attached as an exhibit. The fact that this issue was not considered by post-conviction counsel, the State, or the trial court is reflected in the other filings in the proceedings. The supplemental petition did not explicitly raise the issue, nor did the State's motion to dismiss address the issue. In reply to the motion to dismiss, defendant's counsel did not raise the issue nor did the trial court make any findings regarding defendant's extended-term sentences. Although the State raised the affirmative defense of timeliness, it acknowledges that "in retrospect, the People may not have asserted a timeliness defense had this claim been more clearly presented."

¶ 20    While the State does not dispute the merit of defendant's extended-term sentencing claim, it contends that defendant cannot now remedy a procedurally defaulted sentencing claim in a collateral appeal, and that defendant's claim is best resolved by commencing a *mandamus* action in our supreme court. We disagree. The reality here is that defendant finished serving his extended-term sentence on the most serious class offense on May 29, 2018. Although he filed a timely notice of appeal in this matter on March 6, 2018, while he was still incarcerated on the Class 2 conviction, the appellate defender filed numerous motions for extensions of time to file a brief through September 9, 2019, because the office has "a backlog of approximately 1404 unbriefed cases." Appellate counsel stated that it "cannot complete Appellant's brief by the above due date because, in fairness to all our clients, it is the policy of the Office of the State Appellate Defender to brief the oldest cases by final judgment date."

¶ 21    While we appreciate that the appellate defender has an overwhelming caseload, the fact is if defendant's allegation had been noticed by the parties during the post-conviction proceedings, or his brief on appeal had been filed more expeditiously, defendant would not presently be imprisoned. *Mandamus* may be the recognized avenue for defendant to obtain relief at this point in the case. However, we do not see how keeping defendant in prison until the resolution of not-yet-commenced proceedings, when both parties agree on the merits of his claim, furthers the ends of justice. This court need not require a "rigid and unreasonable adherence to formalism to the detriment of fairness." *O'Brien v. Mayer*, 281 Ill. App. 3d 832, 839 (1996).

¶ 22    We also do not agree with the State that in light of *Castleberry*, this court has no authority under Rule 615(b) to reduce defendant's improper sentences in this case. In *Castleberry*, the defendant was convicted of two counts of aggravated criminal sexual assault based on separate

acts. *Castleberry*, 2015 IL 116916, ¶ 3. At sentencing, the State argued that defendant was subject to a mandatory 15-year enhancement on each of the counts. The trial court disagreed, adding the 15-year mandatory enhancement to only one of the counts for a total term of 33 years' imprisonment. *Id.* ¶ 4. Defendant appealed and the appellate court affirmed his convictions. The court, however, agreed with the State's argument that the 15-year mandatory enhancement was required for each of defendant's two convictions. *Id.* ¶¶ 5-6. The appellate court concluded that since defendant's sentence did not conform to statutory requirements it was void, and the cause was remanded for resentencing. *Id.* ¶ 6.

¶ 23     Our supreme court allowed the defendant's leave to appeal. It determined that the void sentencing rule was "constitutionally unsound" because a circuit court is a court of general jurisdiction and does not require a statute for its authority. *Id.* ¶ 19. Since the State could not appeal sentencing orders, and it could not rely on the void sentencing rule, the State sought to affirm the appellate court's imposition of an increased sentence through the court's authority under Rule 615(b)(1). *Castleberry*, 2015 IL 116916, ¶24. Our supreme court found, however, that the authority granted by Rule 615(b) "is limited to 'reduc[ing] the punishment imposed by the trial court' (Ill. S. Ct. Rule 615(b)(4)), and the rule thus cannot be read as granting a plenary power to the appellate court to increase criminal sentences." *Id. Castleberry* does not support the State's contention that this court has no authority to consider defendant's extended-term sentencing claim raised in this proceeding where, unlike *Castleberry*, the void sentencing rule has not been asserted.

¶ 24     *Castleberry* also does not support the State's contention that this court has no authority to reduce defendant's sentence pursuant to Rule 615(b). In fact, cases decided by our supreme court indicate otherwise. In *People v. Jones*, 168 Ill. 2d 367, 374 (1995), the appellate court determined

that it had to vacate a sentence and remand for imposition of a proper sentence because Rule 615(b)(4) did not authorize a reviewing court to impose a lesser sentence. Our supreme court noted that although the trial court is in a superior position to make a final disposition and punishment, the sentence imposed may not always be just and equitable. *Id.* at 376. The court included a list of cases where reviewing courts "reaffirmed the principle that Rule 615(b)(4) authorizes a reviewing court's modification or reduction of a criminal sentence on appeal. *Id.* at 376-77. It concluded that in light of this jurisprudence, "a court of review has the power to reduce a defendant's sentence on appeal once it has been determined that the trial court's sentencing decision was unlawful or an abuse of discretion." *Id.* at 378. Although the authority granted by Rule 615(b) must be exercised cautiously and sparingly, it "remains an important and valuable tool in the appellate court's choice of remedies when reviewing sentences imposed by the circuit court." *Id.*

¶ 25    Also, "[t]he authority granted by Rule 615(b) presumes that the issue underlying the requested relief is properly before the reviewing court." *People v. Young*, 2018 IL 122598, ¶28. Since this court does not possess supervisory authority, it can address claims only if they are raised in the initial petition. *Id.* The challenged judgment here is the trial court's dismissal of defendant's post-conviction petition. As set forth above, defendant raised the issue of improper extended-term sentencing in his *pro se* post-conviction petition. Where the issue was raised in defendant's initial petition, this court may address it in exercising our authority under Rule 615(b). *Id.*

¶ 26    Since the extended-term sentences for defendant's Class 3 and Class 4 felony convictions were improper, we reduce the sentences for both to the maximum available sentence as the record indicates the trial court intended to impose the maximum sentence for each offense. *People v. Reese*, 2017 IL 120011, ¶85 (a reviewing court may, pursuant to Rule 615(b)(4), reduce

defendant's improper extended-term sentences to the maximum sentence available for the offense where the record shows that the trial court intended to impose the maximum term). Accordingly, defendant's sentence for his Class 3 conviction, aggravated battery involving great bodily harm, is reduced from 10 years' imprisonment to five years (730 ILCS 5/5-8-1(a)(6) (West 2016)), and his sentence for his Class 4 conviction, leaving the scene of an accident causing personal injury, is reduced from six years to three years (730 ILCS 5/5-8-1(a)(7) (West 2016)). As stated above, on May 29, 2018, defendant completed his properly imposed extended-term sentence of 12 years' imprisonment for his Class 2 conviction, served at 50% or six years. Thus, defendant is presently incarcerated only on the improperly imposed extended-term sentence of his Class 3 felony conviction. The trial court's judgment is otherwise affirmed.

¶ 27                                    CONCLUSION

¶ 28    For the foregoing reasons, the judgment of the circuit court is affirmed as modified.

¶ 29    Affirmed as modified.