NOTICE
Decision filed 12/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210064-U

NO. 5-21-0064

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 20-CF-59 |
| | ) | |
| ROBERT J. GREENWOOD, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where defendant forfeited any challenge to the trial court's failure to strictly comply with Supreme Court Rule 431(b) when questioning the jury venire and the plain error doctrine does not apply, where the evidence proved defendant guilty beyond a reasonable doubt of unlawful possession of a stolen vehicle, and where the trial court did not abuse its discretion when it denied defendant's motion to reconsider his sentence, defendant's appointed appellate counsel is granted leave to withdraw and the judgment of the circuit court is affirmed.

¶ 2    Following a jury trial, defendant, Robert J. Greenwood, was convicted of unlawful possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2020)) and theft (720 ILCS 5/16-1(a)(1) (West 2020)). The trial court merged the theft charge into the possession of a stolen vehicle charge as a lesser included offense and sentenced defendant to seven years' imprisonment.

1

¶ 3    Defendant appealed and the circuit court of Lawrence County appointed the Office of the State Appellate Defender (OSAD) to represent him. OSAD has concluded that this appeal lacks arguable merit and has filed a motion for leave to withdraw as appellate counsel. See *Anders v. California*, 386 U.S. 738 (1967). OSAD provided defendant with a copy of its *Anders* motion and supporting memorandum. This court gave defendant an opportunity to file a response to OSAD's motion explaining why his appeal has merit. Defendant has not filed a response. Having thoroughly reviewed the record on appeal and OSAD's *Anders* motion and memorandum, we agree this appeal presents no meritorious issues of arguable merit. We therefore grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.

¶ 4                                    BACKGROUND

¶ 5    Defendant was initially charged with one count each of unlawful possession of a stolen vehicle, aggravated fleeing or attempting to elude a peace officer while driving a motor vehicle, and theft for stealing a motor vehicle valued between $10,000 and $100,000, a Class 2 felony. The State subsequently withdrew the count for aggravated fleeing and reduced the theft charge to a Class 3 felony based on the value of the vehicle being reduced to between $500 and $10,000.

¶ 6    During jury selection, the trial court admonished the venire as a whole regarding the four constitutional principles required by Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). The court explained that: (1) a defendant is presumed innocent of the charges against him or her; (2) before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) a defendant is not required to offer any evidence on his or her own behalf; and (4) if a defendant does not testify it cannot be held against him or her. The court then questioned each potential juror individually regarding each of the four principles. The court did not consistently ask each juror if they both "understood" and "accepted" each principle as

2

required by Rule 431(b). Instead, the court often asked the jurors if they would "apply" the principle if selected or if they had "any questions" about the principle. After asking several potential jurors about a principle, the court often called the next potential juror's name and said, "same questions." Defense counsel did not object to the court's questioning of the venire.

¶ 7     At trial, Deona Dugger testified that during the afternoon of July 17, 2020, she and her son, Gregory Troy Dugger, known as Troy, were moving bales of hay into their barn. A man she had never seen before walked up between their barn and garage and asked Deona for some water. In court, Deona identified defendant as that man. Deona told defendant he was welcome to get a drink and directed him to the water spigot behind their horse trailers. Defendant filled two bottles with water and drank one. Defendant continued standing there and told Deona he had been looking for old cars to buy. Deona noticed defendant looking at the trailers parked in their driveway.

¶ 8     Defendant walked around to the other side of the trailers. Deona could no longer see him. Moments later, Troy yelled to Deona, "He's stealing my truck." Deona did not see defendant enter the truck but saw him drive the truck out of their driveway with the tires squealing. Defendant drove the truck into a ditch on the other side of the road. Deona ran to the end of their driveway. Defendant rapidly backed up the truck then drove away with the tires squealing.

¶ 9     Deona called 911 and reported the theft to the police. The police later informed Deona and Troy that the truck had been "wrecked." Deona and Troy went to the crash scene and observed defendant in handcuffs. Deona told defendant, "that was a mighty nice way of thanking me for being kind to you and giving you a drink." Defendant replied, "I'm sorry." Deona never gave defendant permission to take the vehicle.

3

¶ 10    Gregory Troy Dugger testified that in the late afternoon on July 17, 2020, he was at his home on West Cedar Street in Sumner, unloading hay off a trailer with a tractor. While driving the tractor towards the barn, Troy observed a man he had never seen before speaking with his mother between the trailer and the barn, about 20 feet away from him. In court, Troy identified defendant as that man. Troy did not suspect anything unusual because people frequently stop by their home. When Troy drove the tractor out of the barn, they were no longer there.

¶ 11    Troy drove further up the driveway and observed defendant about 40 to 50 feet away from him. Defendant was walking in front of Troy's truck, a silver 2003 Chevy Avalanche. Troy then observed defendant enter the passenger side of his truck and climb across to the driver's seat. By the time Troy lowered his bale of hay, defendant had turned Troy's truck around and was driving out of their driveway. Defendant drove into a ditch. Troy observed Deona going down their driveway. Troy warned Deona to stay out of the way because he was afraid defendant would run over her. Defendant backed out of the ditch and sped away down the road. Troy never gave defendant permission to take his vehicle.

¶ 12    Troy was later notified that his vehicle had been found. He and Deona immediately went to that location and observed defendant in handcuffs. The vehicle had crashed into an area of trees about 40 or 50 feet away. The front of Troy's truck was demolished. The insurance company deemed the damage "a total loss." The insurance company valued the truck at $6860.

¶ 13    Illinois State Trooper Calvin Smith testified that about 7 p.m. on July 17, 2020, he was notified that a gray or tan Chevy Avalanche with after-market taillights had been stolen in Sumner. Smith drove southbound towards that area in his marked patrol vehicle. Smith observed a man driving the suspect vehicle as it passed him heading northbound towards Sumner. Smith turned his patrol vehicle around and followed the Avalanche. The Avalanche sped away. Smith's

4

radar indicated the Avalanche was traveling over 100 miles per hour. The Avalanche disregarded a stop sign and headed eastbound at a high rate of speed. Smith observed the Avalanche crash into some trees at the intersection of Illinois 250 and Lawrence County Road 550 East.

¶ 14    Smith exited his vehicle and approached the Avalanche as the male driver was exiting the vehicle. Smith recognized the man as the same person he saw driving the Avalanche. Smith and a Lawrence County deputy ordered the man to exit the Avalanche and approach them. The man did so, and the officers handcuffed him. No one else was in the vehicle. The man in the Avalanche was identified as Robert Greenwood. In court, Smith identified defendant as the man who exited the crashed Avalanche.

¶ 15    After the State rested, defendant moved for a directed verdict. The trial court denied that motion. The defense elected not to present evidence and rested.

¶ 16    The jury found defendant guilty of unlawful possession of a stolen vehicle and theft.

¶ 17    At sentencing, the State argued in aggravation that defendant had a lengthy criminal history dating back to 1984 and had been in and out of prison. Most recently, in 2006 defendant was convicted of four federal firearm offenses and sentenced to 200 months' imprisonment. The State argued that the sentence imposed should deter others from committing the same crime. It noted that this offense occurred in broad daylight with the victims present. The State asserted that defendant had not expressed any remorse. The State argued that defendant was eligible to receive an extended-term sentence and asked the court to impose the maximum extended term for a Class 2 felony of 14 years' imprisonment.

¶ 18    In mitigation, defense counsel pointed out that the two offenses were based on the same single act and, therefore, defendant could only be sentenced on one of the counts. Counsel argued that defendant was not eligible for an extended-term sentence because his 2006

5

conviction was more than 10 years old. Counsel argued that defendant was cooperative and respectful to the court throughout the proceedings. Counsel asserted that there was no evidence in this case that defendant used a weapon or made any threats. Consequently, counsel argued that a sentence at the lower end of the sentencing range was appropriate.

¶ 19    The trial court stated that it considered the statutory factors in aggravation and mitigation. The court found that none of the mitigating factors applied in this case. In aggravation, the court found that defendant's conduct threatened serious physical harm as he drove through Sumner on Route 250 at a high rate of speed. The court noted that defendant had a criminal history and that the sentence imposed was necessary to deter others from committing the same crime. The court continued the hearing to determine whether defendant was eligible for an extended term.

¶ 20    When the sentencing hearing resumed, the court stated that it was not going to impose an extended term. The court found that the theft charge was a lesser-included offense of the unlawful possession of a stolen vehicle charge. Accordingly, the trial court sentenced defendant to seven years' imprisonment for unlawful possession of a stolen vehicle. The court admonished defendant of his appeal rights.

¶ 21    Defendant filed a posttrial "Motion to Reconsider" arguing that the trial court erred when it denied his motion for a directed verdict and when it entered judgment against him. Defendant also argued that his sentence was excessive. Defendant asked the court to either vacate the judgment and enter a judgment of not guilty, grant him a new trial, or reduce his sentence. The trial court denied the motion and admonished defendant of his right to appeal.

¶ 22                                    ANALYSIS

¶ 23    OSAD has identified three issues defendant could potentially raise on appeal but concludes none of them have any arguable merit. We agree.

6

¶ 24    The first potential issue is whether defendant is entitled to a new trial because the trial court did not properly admonish the jury venire in accordance with Rule 431(b) and the evidence was closely balanced. OSAD points out that the trial court did not ask each potential juror whether they both "understood" and "accepted" each of the four principles as required by the rule.

¶ 25    Defendant did not object to the trial court's questioning during jury selection or raise the issue in his posttrial motion and, thus, it is forfeited. *People v. Thompson*, 238 Ill. 2d 598, 612 (2010). A forfeited issue is reviewable as plain error if a defendant demonstrates that a clear or obvious error occurred, and either (1) the evidence was so closely balanced that the error alone severely threatened to tip the scales of justice against him, or (2) the error was so serious that it affected the fairness of his trial and challenged the integrity of the judicial process. *People v. Sebby*, 2017 IL 119445, ¶ 48. A violation of Rule 431(b) is not reviewable under the second prong of the plain error doctrine where there is no evidence that the violation produced a biased jury. *Id.* ¶ 52. Here, the record is devoid of any evidence that the jury was biased. Consequently, defendant would need to show that the evidence against him was closely balanced to invoke plain error review. *Id.*

¶ 26    When determining whether the evidence is closely balanced, "a reviewing court must evaluate the totality of the evidence and conduct a qualitative, commonsense assessment of it within the context of the case." *Id.* ¶ 53. This evaluation involves an assessment of the evidence on the elements of the offenses, and any evidence regarding the credibility of the witnesses. *Id.* The issue of whether the evidence was closely balanced, however, "does not involve the sufficiency of close evidence but rather the closeness of sufficient evidence." *Id.* ¶ 60. See also *People v. Piatkowski*, 225 Ill. 2d 551, 566 (2007) ("Whether the evidence is closely balanced is,

of course, a separate question from whether the evidence is sufficient to sustain a conviction on review against a reasonable doubt challenge.").

¶ 27    Here, the record reveals that the evidence against defendant was not closely balanced. Troy observed defendant enter and drive away in his Chevy Avalanche. Deona also observed defendant speeding down their driveway and then down the road in Troy's vehicle. Both Troy and Deona testified that they did not give defendant permission to drive or possess the vehicle. Trooper Smith observed defendant driving the Avalanche over 100 miles per hour and saw him crash the vehicle into some trees. When defendant exited the vehicle at the crash site, Smith recognized him as the same man he had observed driving the vehicle prior to the crash. All three of the witnesses identified defendant in court as the man they saw in possession of the stolen vehicle. Deona also testified that she confronted defendant about stealing the vehicle at the crash site and he apologized to her.

¶ 28    Because defendant would not be able to demonstrate that the evidence was closely balanced, he would not be able to invoke plain error review. Thus, any challenge to the trial court's failure to comply with Rule 431(b) would be deemed forfeited. Accordingly, this issue presents no arguable merit for appeal.

¶ 29    The second potential issue considered by OSAD is whether the State proved defendant guilty beyond a reasonable doubt of unlawful possession of a stolen vehicle. When a defendant claims the evidence is insufficient to sustain his conviction, this court must determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the offense proved beyond a reasonable doubt. *People v. McLaurin*, 2020 IL 124563, ¶ 22 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). To prove defendant guilty of unlawful possession of a stolen vehicle in this case, the State was required to show that

8

he was in possession of a silver 2003 Chevrolet Avalanche, knowing it was stolen, and he was not entitled to possession of the vehicle. 625 ILCS 5/4-103(a)(1) (West 2020).

¶ 30 Here, the record establishes that the evidence of defendant's guilt was overwhelming. As stated above, all three witnesses testified that they observed defendant driving Troy's Avalanche. Trooper Smith observed defendant exit the Avalanche after it crashed, and he was the only person inside the vehicle. Troy and Deona testified that defendant stole the Avalanche from their driveway, and they did not give him permission to drive or possess the vehicle. Based on this evidence, any claim that defendant was not proven guilty beyond a reasonable doubt would have no arguable merit on appeal.

¶ 31 The final potential issue raised by OSAD is whether the trial court abused its discretion when it denied defendant's motion to reconsider his sentence. OSAD concludes that, although defendant was sentenced to the maximum term of seven years' imprisonment, the sentence was not an abuse of discretion. We agree.

¶ 32 Unlawful possession of a stolen vehicle is a Class 2 felony with a normal sentencing range of 3 to 7 years' imprisonment and an extended range of 7 to 14 years' imprisonment. 625 ILCS 5/4-103(b) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020). The trial court has broad discretion in imposing an appropriate sentence, and where, as here, that sentence falls within the statutory range, it will not be disturbed on review absent an abuse of discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995). An abuse of discretion exists where a sentence is at great variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).

¶ 33 Here, we find no abuse of discretion by the trial court in sentencing defendant to a term of seven years' imprisonment, which falls within the normal statutory range. The court

9

considered whether defendant was eligible for an extended-term sentence, but ultimately decided that it would not impose an extended term. The court expressly stated that it considered the statutory factors in aggravation and mitigation. It found that none of the mitigating factors applied in this case. In aggravation, however, the court found that defendant's conduct threatened serious physical harm as he drove through Sumner on Route 250 at a high rate of speed. The court noted that defendant had a lengthy criminal history, which is reflected in the record. The court also stated that the sentence imposed was necessary to deter others from committing the same crime. Based on this record, we cannot say that the sentence imposed was an abuse of discretion. Hence, any contention that the trial court abused its discretion when it denied defendant's motion to reconsider his sentence would have no arguable merit on appeal.

¶ 34                                   CONCLUSION

¶ 35     For the foregoing reasons, we grant OSAD's *Anders* motion for leave to withdraw as appellate counsel and affirm the judgment of the circuit court of Lawrence County.

¶ 36     Motion granted; judgment affirmed.